## OLIVER STULL v. THE STATE.

### No. 3074. Decided February 1, 1905.

**1.—Burglary—Evidence—Harmless Error.**

Where the witness had testified as to the general reputation of defendant for honesty, truth and veracity and that it was good, the State was permitted to ask the witness whether he did not know that defendant had been charged with and indicted for subornation of perjury and that in order to escape prosecution for that offense he married his wife, the very woman he had to swear a lie for him; to which witness replied in the negative. Held, the first part of the question was legitimate, but the last was not; however, the witness answering in the negative, the error was harmless.

**2.—Same—Bill of Exceptions.**

The remoteness of an extraneous crime, about which a witness was interrogated can not be considered where the bill of exceptions is not sufficiently definite, besides the court instructed the jury not to consider this. question.

**3.—Same—Evidence—Extraneous Crimes.**

The time of another offense should be fixed, so that it may appear whether it was too remote to be introduced as evidence of impeachment, however, where the court eliminated that objection in his explanation by showing that the same was too general and also by sustaining the objection to any reference to defendant's wife in that connection, there was no error.

**4.—Same—Charge of Court—Weight of the Evidence.**

Where the court instructed the jury that the testimony before them as to defendant's having been charged with any other crime or crimes than the one for which he was then on trial, was admitted only for the purpose of going to the credibility of the defendant as a witness and for no other purpose and they should not consider it for any other purpose whatever, he was assuming that there was testimony that defendant had been charged with other crimes, and besides the latter portion of the court's charge as to defendant's credibility was on the weight of the evidence.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben. H. Denton.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Thurmond & Steger,* for appellant.—On question of charge of court: Carroll v. State, 32 Texas Crim. Rep., 431; 15 Ed. Greenleaf on Ev., sec. 459.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, his punishment assessed at confinement in the penitentiary for a term of five years; hence this appeal.

Appellant reserved a number of bills of exception to the action of the court permitting the district attorney to ask witnesses the following question: After said witness had testified as to the general reputation of defendant for honesty and truth, and veracity, and that it was

good, then the State was permitted to ask said witness, "Don't you know that defendant has been charged with and indicted for subornation of perjury, and that in order to escape prosecution for that offense, he married his wife, the very woman he had to swear a lie for him." Said witnesses answered " No, that they had not heard of such charge." The first part of the question was legitimate, but the last was not. However, the answer of the witness to the effect that he knew nothing of such charge eliminates any injury to appellant that might have ensued, if such witness had answered the question in the affirmative. Another objection urged by appellant is, that the criminal charge was too remote. The bill does not inform us sufficiently as to this matter to enable us to say that it was too remote. Besides, the court instructed the jury, both orally and in writing, not to consider said question.

By another bill of exceptions, it is shown that, when appellant was on the stand as a witness in his own behalf, on cross-examination the State's attorney asked him, the following question, to wit: "Have you not been charged with subornation of perjury?" Defendant replied, "I don't know what that means, you will have to explain it." State's attorney then said to him, "Did you not bribe the very woman who is now your wife to swear a lie for you? Did you not afterwards marry her to escape being prosecuted for that offense?" Appellant's attorney objected to this question and the answer thereto, because it did not fix any time or date towards which such inquiry and question was directed, and did not state whether such charge, if any, was a recent or remote transaction; because such question was immaterial and irrelevant, and the answer thereto would be hearsay, and not the best evidence. Further because said inquiry was an illegitimate attempt to impeach the testimony of the defendant and his wife who was a witness in his behalf on the trial. The court overruled appellant's objections, and defendant answered, as follows: "Some negroes trumped up some charge against me of some kind, but nothing was ever done with it, and I paid no attention to it after I got rid of it. The court approving the bill did so, with the following explanation: "That the only objection offered was because the same was immaterial and irrelevant, and throws no light upon the legitimate inquiry into this matter; and because it will involve the necessity of trying the right or wrong of these charges. The court further states, that when the district attorney asked defendant if he did not marry the woman, etc., the objection as to anything about his wife was sustained; and that the State was not permitted to ask anything about his wife. The court then instructed the jury not to consider any question or answer about the defendant's wife. Of course, if the objections urged in the bill were as stated by appellant, the court ought to have sustained the objection as to time of such former charge; that is, he should have required the State to fix some definite time so that it might appear whether said charge was too remote or not to be in-

troduced as evidence of impeachment. However, the court in his explanation eliminates that objection, and also the objectionable portion of the question with reference to appellant's wife. As explained by the court, we do not believe the proceedings constitute reversible error.

Appellant objected to the charge of the court, in the motion for new trial, as follows: "In paragraph 12 of the court's general charge, the jury was instructed, as follows: 'The testimony before you of defendant as to his having been charged with any other crime or crimes than the one for which he is now on trial was admitted only for the purpose of going to the credibility of the defendant as a witness, and for no other purpose, and you will consider it for no other purpose whatever.' Said charge is upon the weight of the evidence, and assumes that defendant had testified he had been charged with other crimes. It is also upon the weight of the evidence because it tells the jury that it 'goes to his credibility,' which is equivalent to telling the jury that it affects his credibility, because the jury knows, as does any person with ordinary sense, that if it 'goes to his credibility' it cannot strengthen it, but if it 'goes to his credibility,' it 'goes' against his credibility; the court should have so instructed the jury on this phase of the case, so as to leave it with the jury as to whether it 'goes' or does not go, or whether it had any effect at all on defendant's testimony. It is a question for the jury to determine what effect any fact has on the weight to be given the testimony of any witness, and is entrenching upon the function of the jury for the court to tell them in his charge that 'certain testimony is admitted for the purpose of going to the credibility of the defendant as a witness." Besides the admission of defendant that some negroes had trumped up some kind of a charge against him, and that he had been in jail for fighting negroes, there was no testimony by himself that he had ever been charged with crime or crimes, besides there was no testimony that such charges (even had they been charges for crimes) were of a recent or comparatively recent occurrence, but so far as any testimony in the case shows they may have been half a century old; the testimony showing defendant to be past 59 years of age. Said charge was not authorized by law; was on the weight of the evidence, and was calculated to and did prejudice the jury against defendant." With reference to the first portion of the objection, that the court assumed appellant had testified to a certain criminal charge against him, we quote the question which elicited this testimony, and the answer thereto, —(Question by State's attorney) "Have you ever been charged with subornation of perjury? Defendant replied, 'I don't know what that means; you will have to explain it.' State's attorney then said to him, 'Did you not bribe the very woman who is now your wife to swear a lie for you? Did you not afterwards marry her to escape being prosecuted for that offense?' To which appellant answered, 'Some negroes trumped up some charges against me of some kind, but nothing was ever done with it. I paid no attention to it after I got

rid of it." This is the evidence on which the court assumed to instruct the jury, that defendant had testified he had been charged with some other crime than the one then on trial. It will be noted that the defendant did not admit he had been charged with subornation of perjury. The question asked even did not directly charge him with ever having been prosecuted for said offense; but the interrogatory was if he did not afterwards marry his wife to escape being prosecuted for said offense. Appellant's answer was to the effect that some negroes trumped up some charge against him, but nothing was ever done with it. We cannot definitely say that this was an admission of such a criminal charge against appellant as could be proven for the purpose of discrediting him. We do not believe the court should have assumed, as it did, that there was testimony before the jury as to the defendant having been charged with some other crime. The charge contemplated is a legal charge in the course of a prosecution, and in our opinion instead of the court instructing the jury that there was testimony of such a charge, should have left this matter entirely to the jury. We believe the last portion of said charge was upon the weight of the evidence. When the court told the jury that said testimony "goes to his credibility," evidently the jury must have understood its effect was to discredit him with the jury. Howard v. State, 25 Texas Crim. App., 686; Winn v. State, 34 Texas Crim. Rep., 37; Poyner v. State, 40 Texas Crim. Rep., 640; Crockett v. State, 40 Texas Crim. Rep., 173. The above cases are not exactly analogous to this case on the question involved, but they illustrate with what care the trial court should guard an instruction of this sort. Here appellant was a witness on his own behalf, and the most important witness. For the court to suggest that the testimony went to his credibility was calculated to impair appellant's defense with the jury. If the court had submitted to the jury in some way a charge in the following terms to wit: If the jury believe there was testimony showing or tending to show that defendant had been legally charged with some other crime than the one on trial, then they could consider such evidence only for the purpose of aiding them to determine the weight and credibility of appellant's testimony. In such case appellant could not complain. We believe that the charge given was of a character to injuriously affect appellant.

For this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.