## S. C. Counts v. The State.

No. 3174. Decided November 15, 1905.

**1.—Theft—Secondary Evidence—Notice.**

Where the indictment directly charged the theft and fraudulent taking of an appearance bond, which was last seen in appellant's possession, there was no necessity of giving the usual notice of producing said bond before introducing secondary evidence, upon showing the loss of such bond and its content.

**2.—Same—Allegations—Special Charge—Circumstantial Evidence.**

Where the indictment charged the theft of an appearance bond for the purpose of avoiding a forfeiture, etc., and the testimony was circumstantial, a requested charge that if defendant took the bond for any other purpose than that charged in the indictment the jury should acquit, should have been given.

**3.—Same—Charge of Court—Weight of Evidence.**

On a trial for theft, it was error to charge, "the evidence of the defendant that he had within the last three months been prosecuted and convicted for the offense of adultery, was offered and admitted before you for the purpose only of impeaching the defendant as a witness in this case, etc.," it being on the weight of evidence.

**4.—Same—Irrelevent Testimony.**

On a trial for theft of an appearance bond in which D., a female, was a principal, and defendant a surety, testimony that he lived in adultery with said D. subsequent to the theft, and especially all the details of traveling with her over the country was irrelevant and inadmissible.

Appeal from the District Court of Comanche. Tried below before Hon. N. R. Lindsey.

Appeal from a conviction of theft; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Goodson & Goodson,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—Art. 875, Penal Code; Witte v. State, 21 Texas Crim. App., 88.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft of an appearance bond filed in the office of the county clerk of Comanche County. He was a surety upon the bond. The theory of the State, followed by the charge of the court, was that the bond was taken to prevent a forfeiture. There are other averments in the indictment, but this alone was submitted for the consideration of the jury. The contention is made, which is supported by the record, that notice was not given appellant in regard to the loss or destruction of the bond, as the predicate for the introduction of secondary evidence; and that by reason of the failure to give such notice it was error to admit secondary evidence of the contents of the bond, in other words that a sufficient predicate had not been laid to dispense with primary evidence. The State relied upon secondary evidence as the bond was not in court, and had not been seen since it passed into appellant's possession. We do not believe appellant's position is well taken. Wherever the adverse party is charged with the fraudulent possession of the instrument, it is not necessary to give notice that secondary evidence will be introduced. Law of Evidence, by Burr W. Jones, sec. 224; Henderson v. State, 14 Texas, 503; Hamilton v. Rice, 15 Texas, 382. Here the indictment directly charges the theft and fraudulent taking of the appearance bond, which was last seen in appellant's possession, and he is charged directly with the fraudulent taking and possession. Under the authorities this dispenses with the necessity of giving the usual notice of producing secondary evidence.

The court limited the jury to the allegation that appellant committed the theft of the bond for the purpose of avoiding a forfeiture and enforcement of the terms of the bond. A special charge was requested to the effect that if appellant took it for any other purpose, a verdict of acquittal should be returned. We are of opinion that if the bond was taken for any other purpose than that enumerated in the indictment, appellant would not be guilty under the indictment. The State must rely upon the terms of the indictment. The case was purely one of circumstantial evidence, and while the evidence may have been of more or less cogency to the effect that it was taken for the purpose indicated, yet, being a case of circumstantial evidence, if there was any other reasonable hypothesis except the guilt of appellant, under the allegations of the indictment, he was entitled to an acquittal; and we believe on another trial this phase of the law should be given.

The court among other things, gave the following charge: "The evidence of the defendant that he had within the last three months been prosecuted and convicted in Erath County for the offense of adultery with Maggie Day was offered and admitted before you for the purpose only of impeaching the defendant as a witness in this case, and you will consider said evidence for the purpose for which it was admitted before you and for no other purpose." Several objections were urged to this charge, among others, that it was on the weight of the evidence. We think this exception is well taken. Without going into a discussion

of the matter, we think this charge comes within the rule laid down in Stull v. State, 12 Texas Ct. Rep., 230.

Quite a mass of testimony was introduced, over appellant's objection, to the effect that he and Maggie Day, the principal in the alleged stolen bond, had been living in adultery; had taken a trip in connection with another man and woman, who were also living in adultery, on the Texas and Pacific Railway into New Mexico and Mexico. The details of all these matters were gone into, more or less extensively before the jury—covering the entire trip. Exceptions were reserved to all this testimony. There was also evidence introduced along the same line to the effect that appellant and Maggie Day had attended court at Stephenville in Erath County; and while there the same illicit relations existed. Upon what theory this testimony could have been admitted, we are not able to appreciate. Appellant was charged with stealing an appearance bond, in which Maggie Day was a principal, and he surety. Any matter which tended to show that he committed this theft would be legitimate evidence, but how the fact that he lived in adultery subsequent to the theft with Maggie Day, and especially all the details of traveling over the country with her, could be relevant to this case we do not understand. He was not charged with living with the woman in adultery, but with stealing the bond. This evidence, in our opinion, was clearly inadmissible.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*