### LEE HAMMOCK v. THE STATE.

#### No. 3382. Decided March 14, 1906.

**1.—Theft of Horse—Evidence—County Convict—Identity.**

Upon trial for theft of a horse where the State's witnesses merely stated in general terms that they were working at the convict camp, guarding convicts and while there knew defendant, there was no force in the objection that defendant had not been placed on the stand as a witness in order to show this matter. Besides the bill of exceptions failed to show that defendant was an ex-county convict; the question was simply one of identity.

**2.—Same—Refreshing Memory of Witness—Date of Note—Phone Message.**

Where upon appeal from a conviction of horse theft the bill of exceptions did not make it clear that witness refreshed his memory by a phone message as to the date of a note, and the records showed that he knew the date of the offense aside from the date of said note, and a great number of witnesses made said date certain, there was no error.

**3.—Same—Charge of Court—Property not Included in Theft.**

Upon trial for the theft of a horse, where the evidence did not show the theft of a bridle, but on the contrary disclosed that defendant borrowed it, there was no necessity for submitting a charge with reference thereto.

**4.—Same—Contemporaneous Theft—Charge of Court.**

Upon trial for theft of a horse, where the evidence showed the contemporaneous theft of a saddle, which was not controverted; and the court charged the jury that they could only use said testimony concerning the theft of the saddle in judging of the intent of defendant as to the theft of the horse, there was no error. Distinguishing Stull v. State, 84 S. W. Rep., 1959.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. E. B. Muse.

Appeal from a conviction of a theft of a horse; penalty, seven years imprisonment in the penitentiary.

The State's evidence showed defendant's opportunity to steal the horse in question; that he was found in possession of the same immediately after it was taken, and that he sold it under suspicious circumstances; as well as the saddle which was taken at the same time. The main issue on trial was the identity of defendant. He interposed an alibi.

*Muse & Allen,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of the theft of a horse, and his punishment fixed at confinement in the penitentiary for a term of seven years; and appeals.

Appellant excepted to some testimony introduced by the State, which he insists showed that appellant had ben a county convict, contending that inasmuch as appellant had not been placed on the stand as a witness, that this matter could not be shown. We have examined the bills which he insists show this, and we fail to discover that the bills show appellant was an ex-county convict. Certainly no offense is stated of which appellant had been convicted, and he might have been working at the camp, as stated by one of the witnesses, in some other capacity than as a county convict. Besides it was a question as to the identity of appellant, and how these witnesses came to know him. They merely stated in general terms that they themselves were working at the camp, guarding convicts, and while there knew the appellant. We do not believe the action of the court in this regard was error

Nor do we believe that the court committed an error in permitting witness Markham to refresh his memory as to the date of the alleged offense by referring to the date of a note, which date he said was December 20th. Appellant attempts to show by the bill that witness refreshed his memory by a phone message, which gave him the date of the note. However, the bill does not make this clear. An examination of this witness' testimony, as shown in the bill, we think makes it clear that he knew the date of the alleged theft aside from the date of said note. Besides, the bill itself does not show how this matter became material. More than this the date of the alleged theft is made certain by a great number of witnesses, and we do not regard this matter as material.

We do not think the matter as to the bridle and appellant's possession thereof, has anything to do with this case. The evidence does not show any theft of the bridle. On the contrary it shows that he borrowed this bridle. We do not believe it was necessary for the court to instruct the jury with reference thereto.

Appellant says that the charge of the court as to the testimony

regarding a contemporaneous theft of the saddle was erroneous, in that it was a charge upon the weight of the evidence. We think the testimony sufficiently shows that the theft of said saddle was contemporaneous with the theft of the horse, and was not controverted; and the charge as to the saddle directed the jury's attention to the fact that they could only use said testimony concerning the theft of said saddle, if they used it at all, in judging of the intent of appellant as to the theft of the horse charged against him. The charge is not like that in Stull v. State, 84 S. W. Rep., 1059, as will be seen by an inspection of that charge.

We find no error in the court's charge with reference to the punishment. There being no reversible error in the record, the judgment is affirmed.

*Affirmed.*