## RODRIGO ESCOBEDO v. THE STATE.

No. 5525.   Decided December 8, 1920.

**1.—Theft of Automobile—Circumstantial Evidence—Theory of Defense.**

Where, upon trial of theft of an automobile, the court gave a proper charge applied to the facts, including defendant's confession, and the only criticism thereto was that the defendant's defensive theory should have been submitted in an affirmative manner and the case should have been treated as one depending upon circumstantial evidence, alone, held; that this is untenable and there was no reversible error. Following Sullivan v. State, 40 Texas Crim. Rep., 639, and other cases.

**2.—Same—Confession—Intent—Charge of Court.**

Where, upon trial of theft of an automobile, there was no evidence which called for a charge instructing the jury in an affirmative way that an absence of intent would not justify the defendant's conviction, nor does the defendant's intent to steal it or explain its possession raise such issue. There was no error in the court's failure to charge thereon.

**3.—Time—Name of Party Injured—Idem Sonans.**

Where, the indictment described the owner as "J. H. Alphian," and the proof showed the name of the owner to be "J. H. Alphin," the names were *idem sonans*, and there was no error.

**4.—Same—Name of Owner—Actual Control—Possession.**

Where the owner of the stolen property named in the indictment was a captain in the U. S. Army, subordinate to a major, and the proof showed that said alleged owner had the actual control, care and management of the property, and it was from his possession that it was taken, there was no reversible error. Following Bailey v. State, 18 Texas Crim. App., 426, and other cases.

**5.—Same—Rehearing—Temporary Use—Intent to Steal.**

Where, upon trial of theft of an automobile, the evidence showed that the part of the car that was found was concealed, and was in the condition that it was not an automobile in the sense that it was one at the time it was taken, but that parts essential to its use as an automobile had been removed and appropriated by the defendant, his possession amounted to an appropriation, and did not suggest a taking for temporary use.

Appeal from the District Court of Bexar. Tried below before the Honorable W. S. Anderson.

Appeal from a conviction of theft of an automobile; penalty, three years confinement in the penitentiary.

The opinion states the case.

W. C. *Linden*, for appellant.—On question of ownership: Russell v. State, 116 S. W. Rep., 573.

On question of intent and abandonment: Berg v. State, 2 Texas Crim. App., 148; Loza v. State, 1 id., 488; Wilson v. State, 18 id., 270; Schultz v. State, 30 id., 94; Dunham v. State, 3 id., 465.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, Judge.—The appellant was convicted of theft. The property stolen was an automobile.. The appellant's confession, showing due warning and legal verification, was as follows:

"I was up town by myself on Saturday night, the 15th day of February, 1919. I took a car on Travis Street, a Hudson Super Six. I met Frank Cervantes on Kelly Field Road. He told me "let's take this car towards Saspanco.' Frank was driving his own car. I drove the Hudson car and Frank drove his car. We went towards Saspanco; we stopped on the road about 11 or 12 miles out of the City. There, we stripped the Hudson car; we took the battery, the four tires and rims and the back cushion and one spare tire. We took the spare tire before we left town and left it at Frank Cervantes' house on Apache Street. I went with Frank Cervantes to Saspanco. I waited for him at the Depot; he told me to wait there for him that he was going to leave the stuff at a house and he drove in the Company Grounds. When he came back he had left the stuff there, we came back to San Antonio in Frank Cervantes' car. When we got back, he handed me Five Dollars and said he would hand me the balance later, but he never did.

(Signed) Rodrigo Escobedo.

There was other proof showing that the car was taken from the point designated in the confession, and that upon the information therein contained the car was found in the condition described by the appellant.

The court gave a charge submitting the law of theft as applied to the facts in a manner which we regard as unexceptionable, against which the only criticisms addressed by the appellant are those in which he contends that the appellant's defensive theory should have been submitted in an affirmative manner, and that the case should have been treated as one depending upon circumstantial evidence alone. The appellant's confession, containing the definite and direct

statements that he took the car and appropriated it to his own use, the owner having testified to facts showing the taking without his consent, renders the case one in which we cannot assent to the view that it rested upon circumstantial evidence alone. Sullivan v. State, 40 Texas Crim. Rep., 639; Gallegos v. State, 49 Texas Crim. Rep., 115.

In a case in which the evidence raises the defensive theory in an affirmative way, it is encumbent upon the court to so submit it. We find nothing in the present record, however, which brings this well known principle into operation. There is no evidence which, to our mind, called for a charge instructing the jury in an affirmative way that an absence of intent upon the part of the appellant at the time he took the car to appropriate it to his own use would require an acquittal, nor do we find evidence that presented an affirmative theory that the taking of the car was merely for the purpose of using it, or appropriating some of its parts. In no part of the record are such issues submitted, unless they arise from the confession which we have quoted. The confession does not. as we interpret it, qualify the appellant's intent to steal it, nor explain his possession of it in any manner inconsistent with his guilt, or consistent with his innocence.

The indictment described the owner as "J. H. Alphian;" the proof showed the name of the owner to "be" J. H. Alphin." We think the trial court was not in error in holding these *idem sonans*.

The automobile was one belonging to the United States Government, put in possession (under a rental contract) of a construction company who had charge of military work, and was ordinarily under the control and management of Major Shaw, who, as we understand it, was supervising the work. The owner named in the indictment was a Captain subordinate to Major Shaw, and on the occasion of the theft Captain Alphin, with Major Shaw's consent, was using the car, and brought it to San Antonio for a purpose of his own; and while engaged, parked the car on one of the principal streets of the city of San Antonio, from which the theft occurred. Captain Alphin had the actual control, care, and management of the property, it was from his possession that it was taken. Bailey v. State, 18 Texas Crim. App., 426, and other cases cited in Branch's Annotated Texas Penal Code, p. 1323. Allegation of ownership in him was proper.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

December 8, 1920.

MORROW, J̲UDGE.—The appellant in this motion reiterates the contention made on the original hearing, that special charges should

be given, in substance telling the jury that if the intent with which the appellant took the automobile was to ride therein, and not the intent to appropriate it to his own use and benefit and deprive the owner of its value, they would acquit. If there was evidence, circumstantial or direct, that appellant's intent in taking the automobile was to make some temporary use of it, the appellant on request would have had the right to have the issue thus formed submitted to the jury in an affirmative charge. But unless there was such evidence, the question of intent was sufficiently submitted in the court's main charge.

It is urged that the locality and circumstances attending the finding of the car, and its condition when found, are such as to raise the issue named. The owner testified in substance that on the next evening he went with one of the sheriff's force to a point near a little town, the name of which he did not remember, and turned to the left down a lane, and found the car stripped. Five casings, the starter, the horn, the hood, and two cushions were gone. The starter battery was gone. He did not know whether the entire electric system was gone, but the batteries, rims and lights were missing. Another witness said: "On Sunday morning we found the car about one hundred yards off of the Goliad road. Everything was missing; five tires, batteries, horn, and cushions. We afterwards recovered some of these parts in Wilson County, about twenty miles from San Antonio. When found, four of the tires were buried in a stable; two cushions and the battery were on another car."

The instances in which it has been held that an affirmative instruction was required, telling the jury that if the purpose of the accused was other than to appropriate the property to his own use and deprive the owner thereof, that the offense would not be complete, are cases in which there was evidence raising such issue. An illustration is Schultz v. State, 30 Texas Crim. App., 94, from which we take the following quotation:

"In this case the evidence shows that the appellant took the horse alleged to have been stolen on the night of the 26th or 27th of March 1891, at Bluffton, in Llano County; that he rode the horse twenty-one miles to the house of his brother in Burnet County, and that he turned him loose with the saddle and bridle on to find his way back home. Defendant testified, that he only took the horse for the purpose of riding him to his brother's house, and that he did not intend to steal him.

"With regard to such a state of case the jury should have been instructed as to the distinction between trespass and theft. Bray v. State, 41 Texas, 203; Harris v. State, 2 Texas Ct. App., 102; McPhail v. State, 10 Texas Ct. App., 128; Winn v. State, 17 Texas Ct. App., 284.

"Where the evidence requires it, the court should instruct the jury that if the defendant took the property with the intent at the time of

appropriating it temporarily, but not permanently, they should acquit him. Wilson v. State, 18 Texas Ct. App., 270; Loza v. State, 1 Texas Ct. App., 488; Blackburn v. State, 44 Texas, 457; Banks v. State, 7 Texas Ct. App., 591; Dunham v. State, 3 Texas Ct. App., 465.''

In Wilson's case, 18 Texas Crim. App., 274, the evidence raising the issue was from the circumstances. A brace was taken from a blacksmith shop, and used in opening a store, and there abandoned. The intent with which the brace was taken, whether for the temporary use of opening the store or to be appropriated to the use of the thief, was held an issue for the jury. Other cases cited relate to evidence under which it was shown that the accused, after taking possession of a horse and riding it, had turned it loose under circumstances which would permit it to return to its owner; see Dunham v. State, 3 Texas Crim. App., 465; and Loza v. State, 1 Texas Crim. App., 489, where the accused was drunk and had possession of the horse upon a public street —no effort to conceal him—under circumstances which in the opinion of the court raised the issue as to any felonious intent.

The facts before us do not, in our judgment, suggest any other intent to do with the car than what was actually done—to deprive the owner of its value and appropriate it to the use of appellant. The part of the car was found, we understand from the evidence, was concealed. Its condition was not analogous to that of a horse that was turned loose on the range or on the road, that it might return to its owner; but the part of the car in the condition found was not an automobile in the sense that it was one at the time it was taken. Parts essential to its use as an automobile had been removed and appropriated by the appellant. The part of the car that was found could only be used as a vehicle by the assembling of the missing parts, or others similar thereto and their replacement in the car; so that, whether it was the intent of the appellant to return and remove the remainder of the car or not, his possession of it amounted to an appropriation, and did not suggest a taking for temporary use.

The motion is overruled.

*Overruled.*