Harry Lyles v. The State.

No. 6675.    Decided April 5, 1922.

1.—Burglary—Insanity—Charge of Court—No Reversible Error.

Where, upon appeal from a conviction of burglary, it is urged that the trial court was in error in failing to instruct the jury that if at the time of the commission of the burglary the defendant's mind was dethroned so that he did not realize that he was doing wrong, etc., but the record showed that the evidence did not raise this issue, there was no reversible error.

2.—Same—Rehearing—Mental Capacity—Charge of Court.

Upon further examination of the facts, it is found by the court that the original opinion is correct in holding that the evidence did not sufficiently raise the issue as to defendant's mental incapacity, to require a charge to the jury on that subject.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stevens & Stevens,* for appellant.—Cited Williams v. State, 37 Texas Crim. Rep., 751; Burton v. State, 81 S. W. Rep., 742; Otto v. State, 80 id., 525; Hierholzer v. State, 83 id., 836.

*R. G. Story,* Assistant Attorney General, and *E. T. Branch,* District Attorney, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for burglary; punishment fixed at confinement in the penitentiary for two years.

The offense occurred on the night of April 8th. The property was taken from the Katy Motor Company and was recovered upon information given by the appellant.

The State also introduced a written confession containing all of the requisites of the statute concerning a confession made by one under arrest.

Appellant's sister, Mrs. Howard, testified that she did not see the appellant upon the night the offense was committed; that shortly before that time, on two occasions, she took from his possession morphine tablets and destroyed them; that a few days before the offense was committed, she had seen him take morphine; that he went to sleep and did not seem to know what was said or done. She further stated that she had worked in a hospital and had observed people go to sleep after taking morphine; that they acted foolish and silly.

Appellant testified that he had been using morphine about eight months; that he had some on the 8th day of April and took a quarter of a grain at that time; that he had taken more than one dose a day, and said: "I have no knowledge of having gone out to the Katy garage that night. I don't think I did."

In addition to the written confession introduced, a witness testified to a verbal confession made by the appellant connecting him with the offense, and leading to the discovery of the stolen property.

It is urged that the court was in error in failing to instruct the jury that if at the time of the commission of the burglary, the appellant's mind was dethroned so that he did not realize that he was doing wrong or that he did not know right from wrong, they should acquit him. The state challenges the sufficiency of the evidence to raise this issue.

In this connection, it is to be noted that the appellant, in his confession, both verbal and written, was able to describe the offense and to reveal the location of the hidden property so that through the information obtained from him the property was found. Authorities are not wanting in support of the view that if by the use of drugs appellant's mind was so affected as to render him incapable of forming a criminal intent; of knowing the right from the wrong as applied to the thing done at the time the offense was committed, his conviction should not result. Edwards v. State, 38 Texas Crim.

91 Tex.—26

Rep., 386; 39 L. R. A., 262; Moss v. State, 57 Texas Crim. Rep., 622; Ruling Case Law, Vol. 13, p. 717. To excuse the act, the mental impairment must prevail at the time of the offense. Leache v. State, 22 Texas Crim. App. 279; Wooten v. State, 51 Texas Crim. Rep. 428; Hunt v. State, 33 Texas Crim. Rep. 252; Roberts v. State, 90 Texas Crim. Rep. 517; 231 S. W. Rep. 760.

From the testimony of the sister of appellant, it was shown that she knew of appellant taking morphine on several occasions and that she knew the effect of morphine. She disclaimed any knowledge of his condition at the time the offense was committed; she disclosed no information as to the effect of morphine taken in the quantity that appellant describes. He had been using it for some eight months. He took at a dose a quarter of a grain. Whether that be a large or small dose is not revealed by the evidence further than that he had been taking it for eight months habitually, apparently in that quantity. His testimony does not disclose that his reasoning facilities were dethroned, unless it is to be inferred from the single statement that "I have no knowledge of having gone out to the Katy garage that night. I don't think I did." This, when considered in connection with the fact that he was able to reveal the location of the property which he admitted in his confession that he took on the occasion of the burglary, we think was not testimony of such cogency as to raise the issue touching his want of mental capacity at the time the offense was committed.

We are therefore of the opinion that there was no error disclosed and that the judgment should be affirmed.

*Affirmed.*

ON REHEARING.

March 5, 1922.

HAWKINS, Judge.—Appellant's motion for rehearing questions the correctness of the conclusion expressed in our original opinion that the evidence did not sufficiently raise the issue of accused's mental capacity at the time of the commission of the offense to require its submission to the jury. Further examination of the facts has led us to reach no different opinion than heretofore announced.

The motion for rehearing is overruled.

*Overruled.*