### CLARK CARPENTER V. THE STATE.

No. 10954.   Delivered October 19, 1927.

Rehearing denied December 14, 1927.

**1.—Burglary—Impeaching the Defendant—Held Proper.**

On a trial for burglary there was no error in permitting the state on cross-examination of the defendant to prove that he had been theretofore indicted for murder. The defendant or any other witness, if the impeaching testimony is not too remote, may be impeached by the adverse

party by proving by the witness on cross-examination that he had been indicted or convicted for a felony or a misdemeanor involving moral turpitude. See Branch's Annotated P. C., Sec. 167; Robinson v. State, 156 S. W. 212.

### 2.—Same—Charge of Court—On Law of Principals—Held Correct.

We cannot agree with appellant's criticisms of the court's charge in submitting the converse of the law of principals, said charge being a clear presentation of the law as applicable to the facts.

### 3.—Same—Charge of Court—On Temporary Insanity—Produced by Intoxicants—Held Correct.

Where appellant had testified that he had been drinking liquor freely all day on the date of the burglary, and to the extent that he became unconscious of what was going on, there was no error in the court charging the law of this state on this issue.

### 4.—Same—Charge of Court—On Accomplice Testimony—Proper.

Where, on his charge on accomplice testimony, the court followed the form of the charge in the Oates case, 149 S. W. 1194, eliminating the objectionable word "alone," no error is discoverable in said charge. See Henderson v. State, 260 S. W. 869; Standifer v. State, 208 S. W. 532.

### 5.—Same—Requested Charge—Defensive Theory—Properly Refused.

Where appellant requested the court to charge the jury that if he was drunk and unconscious at the time of the burglary, to acquit him, such requested charge was properly refused. If in fact he was so drunk, under Art. 36, P. C., this would not excuse him, but all of the testimony, including appellant's own, and his statements made to officers, negative his defensive theory that he did not know and understand that he was participating in the burglary.

#### ON REHEARING.

### 6.—Same—Charge of Court—General Objections—Not Sufficient.

Where appellant objected to the charge of the court limiting the impeaching evidence introduced against the defendant, his objections are too general. Conceding that the charge given is not free from criticisms, the objection thereto fails to distinctly specify the ground of the objection under Art. 658, C. C. P., nor was such charge calculated to injure the rights of appellant to the extent that a reversal would be warranted under Art 666, C. C. P.

### 7.—Same—Charge of Court—On Temporary Insanity.

We cannot agree with appellant that our conclusions as set out in the original opinion, that the charge of the court submitting his defensive theory of temporary insanity produced by the use of ardent spirits, was erroneous. This defense was fairly and clearly presented in the court's charge, and we think appellant's rights were all sufficiently protected by the instructions given.

Appeal from the District Court of McLennan County. Tried below before the Hon. Richard I. Munroe, Judge.

Appeal from a conviction for burglary, penalty five years in the penitentiary.

The opinion states the case.

*McNamara, Scott & Jaworski* of Waco, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is burglary, the punishment five years' confinement in the penitentiary.

By bill of exception No. 3 appellant complains of the action of the trial court in permitting the County Attorney, over his objection, to ask appellant if he had not been indicted for murder. The court qualified appellant's bill by stating that "after laying the proper predicate and it appearing that the matter inquired about was not too remote, the County Attorney was permitted to ask the defendant the question complained of in said bill." In a criminal case the defendant or any other witness, if the impeaching testimony is not too remote, may be impeached by the adverse party by proving by the witness on cross-examination that he had been indicted or convicted or that he was then under indictment for a felony or for a misdemeanor imputing moral turpitude. Branch's Annotated Penal Code, Sec. 167; Robinson v. State, 156 S. W. 212. It follows that no error is manifested by the bill.

By bill of exception No. 4 appellant complains of the action of the court in overruling his objection to paragraph 4 of the court's charge, wherein the court instructed the jury on the converse of the law of principals. Appellant's specific objection to the charge was that it placed a greater burden on him than was contemplated by law. An inspection of the paragraph complained of discloses that it is not subject to the criticism made by appellant. In applying the converse of the law of principals to the facts, the court instructed the jury, in substance, that they must believe from the evidence beyond a reasonable doubt that appellant was present at the time of the commission of the offense, if any, and knowing the unlawful intent of the principal, aided him by acts or encouraged him by words or gestures in the commission of the offense. We are unable to agree with appellant that the charge complained of placed a greater burden on him than the law authorized.

By bill of exception No. 5 appellant complains of the action of the court in instructing the jury, in substance, that intoxication or temporary insanity produced by the voluntary recent use of ardent spirits, did not constitute an excuse for the commission of crime, but that the evidence of temporary insanity produced by such recent use of ardent spirits might be con-

sidered in mitigation of the penalty. We are unable to understand how appellant could have been prejudiced by the giving of this instruction. Appellant testified that on the day of the burglary he had been drinking liquor freely all day and that he drank to the extent that he became unconscious of what was going on. We are unable to agree with appellant that prejudicial error is manifested by his bill of exception.

By bill of exception No. 7 appellant complains of the charge on accomplice testimony, it being asserted by appellant that the court assumed in his charge that the testimony of the accomplice made out a case against him, and further that the court instructed the jury that they must believe that the testimony of the accomplice connected the defendant with the offense charged, when he should have embodied in his charge an instruction that the jury must believe that the testimony of the accomplice showed that the defendant was guilty as charged. The charge complained of conforms to the charge approved by this court in the case of Oates v. State, 149 S. W. 1194, except that the objectionable word "alone" condemned by this court in Abbott v. State, 250 S. W. 188, has been omitted from the present charge. In the Oates case, as in the instant case, the accomplice testified to facts which connected Oates with the offense, but did not testify to facts which constituted a complete offense. As in the present case, the jury were instructed in the Oates case, in the concluding words of the charge on accomplice testimony, in substance, that they must believe from all of the testimony, beyond a reasonable doubt, that the defendant was guilty as charged before they could convict him. See Henderson v. State, 260 S. W. 868. The charge in the instant case conforms to the suggestions made in the case of Standfield v. State, 208 S. W. 532, and under the facts clearly presents the law of accomplice testimony.

The state's theory, as disclosed by the testimony, was this: Appellant and Bill Murphy went together in a car to the filling station of B. M. Hays some time between 9:30 o'clock on the night of October 18th, and 3 o'clock the following morning; burglarized said filling station, and took therefrom certain automobile casings and tubes. The tubes and casings were taken by appellant and Murphy to Doug Johnson's home, where they were unloaded by the two and placed in the house. Appellant carried an officer to Doug Johnson's house, where the stolen property was recovered. Appellant stated to the officer that he was drunk and sat in the car while Murphy went into the filling station and got the casings and tubes. In connection with

his statement to the officer, appellant asked the officer if he didn't believe that if he would testify that he was drunk at the time the burglary was committed, and that Murphy went into the filling station and stole the casings and tubes, that he could defeat the state's case.

Testifying in his own behalf, appellant stated that he had been drinking whiskey during the day of alleged offense and that in the afternoon he met up with Bill Murphy and Jeff Morgan and drank with them; that he met these parties about seven o'clock, and that after they had been drinking some time they went to Mart, reaching there some time in the late night, and that at the time they reached Mart he, appellant, was drunk and had no clear recollection of what was going on; that he and his companions drank whiskey during the time they were in Mart, and that he drank so much that he became unconscious as to what was going on; that he didn't remember anything after that until he and Murphy were close to Doug Johnson's place; that he knew he didn't go into the filling station because he was drunk and couldn't get out of the car and was too far gone and unconscious.

Appellant requested the court, in substance, to affirmatively charge the jury that if they had a reasonable doubt that he was drunk and unconscious at the time of the burglary and took no part in its commission they would acquit him. The court refused to submit such issue to the jury, for the reason that he had submitted in his main charge an instruction in accordance with the provisons of Art. 36, Penal Code, covering the law of temporary insanity produced by the voluntary recent use of ardent spirits.

If the defensive theory, if true, would defeat the state's case, as alleged, and the evidence raises such theory in an affirmative way, it is incumbent on the court to submit an affirmative charge covering the issue. Escobedo v. State, 225 S. W. 377. It is to be noted that appellant was able to lead the officer to the stolen property, and that he had sufficient recollection of the transaction, out of which the burglary grew, to describe to the officer the manner in which the burglary was effected. It was the state's theory that appellant and Murphy were principals in the commission of the offense. Appellant's testimony to the effect that he did not go into the filling station because he was drunk and could not get out of the car, if true, would not defeat the state's case as alleged; for if appellant, knowing the unlawful intent of his companion, aided him by acts or encouraged him by words or gestures in committing the

offense, or kept watch so as to prevent interruption, he was guilty as a principal. Art. 66, P. C. When considered in connection with the fact that appellant was able to reveal the location of the stolen property, appellant's testimony is not of such cogency as to raise the issue touching his want of physical and mental capacity to engage in the commission of the offense as a principal. See Lyles v. State, 239 S. W. 616.

Furthermore, it is noted that the court charged the jury as follows:

"But unless you do believe from the evidence beyond a reasonable doubt that the defendant, either alone or in connection with one Bill Murphy, as a principal, in the night time, on or about the 18th day of October, 1926, as alleged, in said state and county, by force or at an unusual place, did enter the house of B. M. Hays, as charged in the first count in the indictment, with the intent to commit the crime of theft, you will return a verdict of not guilty."

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant seeks a rehearing on two grounds; first, he calls attention to an exception to the charge relative to impeaching evidence introduced against appellant, and insists that a reversal should be had because of an error therein. The charge complained of told the jury that testimony which had been introduced by the state to the effect that appellant had been convicted of felony theft and had been charged with and tried for murder, was "no evidence of his guilt in this case, but is before you for the purpose for which it was admitted, and that is to aid you in passing upon the credibility of defendant as a witness and the weight to be given to his testimony, and for no other purpose." The charge may not be strictly accurate, as indicated in Taylor v. State, 50 Tex. Crim. Rep. 560, 100 S. W. 393; Stull v. State, 47 Tex. Crim. Rep. 547, 84 S. W. 1059; Counts v. State, 49 Tex. Crim. Rep. 329, 89 S. W. 972. The written objection was "because said charge in effect instructed the jury that they must believe that the offenses named are evidence that defendant's credibility has been weakened because of same." The objection is very general.

It fails to point out why the charge given is conceived to have the effect claimed. Art. 658, C. C. P. (1925) requires the objection to *distinctly specify* the ground thereof. Conceding that the charge given is not free from criticism, we cannot believe it misled the jury, or was calculated to injure the rights of appellant. Under such circumstances Art. 666 C. C. P. (1925) forbids a reversal.

The second ground upon which appellant seeks a rehearing is that this court was in error in not sustaining a complaint based upon the refusal of the trial court to give a special charge which would have instructed the jury that if appellant was, "drunk and unconscious at the time of the alleged burglary, if any, and took no part in the commission of said burglary," he would not be guilty. The law is that if one by the voluntary use of intoxicating liquor becomes so under its influence that he has no knowledge or recollection of his acts, yet while in such condition, participates in the commission of a crime, he is nevertheless guilty, the law only conceding mitigation of the punishment if the intoxication has reached the point of temporary insanity. Art. 36 P. C. (1925) ; Doyle v. State, 59 Tex. Crim. Rep. 39; Stoudenmire v. State, 58 Tex. Crim. Rep. 258; Kelly v. State, 31 Tex. Crim. Rep. 316. The evidence called for an instruction on this phase of the law and appellant was given the benefit of it. If he did not participate in the burglary as a principal he would not be guilty regardless of whether he was drunk or sober, so the question of participation is the vital issue. The court properly defined principals, and told the jury that unless appellant as a principal, acting either alone or with one Murphy, committed the burglary, they must acquit. In addition thereto he gave a special charge at appellant's request telling the jury that, although they might believe appellant had some connection with the property after it was stolen, still he could not be convicted unless the jury believed from the evidence beyond a reasonable doubt that he was a principal to the actual burglary. We think appellant's rights were sufficiently protected by the instructions given.

The motion for rehearing is overruled.

*Overruled.*