## CARPENTER v. STATE. (No. 10954.)

Court of Criminal Appeals of Texas. Oct. 19, 1927.

Rehearing Denied Dec. 14, 1927.

**1. Witnesses ☞337(6)—Asking defendant on trial for burglary if he had not been indicted for murder held proper for impeachment.**

In burglary prosecution, county attorney was properly permitted to ask defendant, for purposes of impeachment, if he had not been indicted for murder, after laying proper predicate, and it appearing matter inquired about was not too remote.

**2. Criminal law ☞792(3)—Instruction that jury must believe beyond reasonable doubt defendant aided in commission of offense placed no greater burden on defendant than contemplated by law.**

In prosecution for burglary instruction that jury must believe from evidence beyond reasonable doubt that defendant was present at time of commission of offense, if any, and, knowing unlawful intent of principal, aided him by acts or encouraged him, was not open to objection on ground that it placed a greater burden on defendant than was contemplated by law.

**3. Criminal law ☞1172(1)—Instruction that intoxication was no excuse for crime but might be considered in mitigation was not prejudicial to defendant.**

In prosecution for burglary, where court instructed jury that intoxication or temporary insanity produced by voluntary recent use of ardent spirits did not constitute excuse for commission of crime, but that evidence of temporary insanity produced by such recent use of ardent spirits might be considered in mitigation of penalty, was not prejudicial to defendant.

**4. Criminal law ☞761(18)—In prosecution for burglary charge held not to assume testimony of accomplice made out case against defendant.**

In prosecution for burglary, instruction *held* not to assume testimony of accomplice made out case against defendant, where charge further stated that they must believe from all the testimony, beyond a reasonable doubt, that defendant was guilty.

**5. Criminal law ☞774—In burglary case, where defendant disclosed recollection of transaction, his testimony as to intoxication held not to raise issue of capacity to commit offense (Pen. Code 1925, arts. 36, 66).**

In burglary prosecution, where defendant was able to lead officer to stolen property and had sufficient recollection to describe burglary, defendant's testimony that he did not enter filling station because he was too drunk *held* not to raise issue of want of physical and mental capacity to commit offense as principal, under Pen. Code 1925, art. 66, where instruction as to effect of intoxication was given under article 36, covering law as to temporary insanity produced by intoxication.

On Motion for Rehearing.

**6. Criminal law ☞1186(4)—Charge as to effect of other convictions, though erroneous, held not ground for reversal (Code Cr. Proc. 1925, art. 666).**

In prosecution for burglary, charge as to conviction for other offenses, though error, was not ground for reversal under Code Cr. Proc. 1925, art. 666; the jury not having been misled, and objection not being specific, as required by article 658.

**7. Criminal law ☞53—Refusing instruction that, if drunk at time of burglary, defendant was not guilty, held not error; law only conceding mitigation of punishment.**

In prosecution for burglary refusal to instruct that, if defendant was drunk and unconscious at time of burglary and took no part, he would not be guilty *held* not error, since one participating in crime while voluntarily intoxicated is guilty, though he has no recollection thereof; law only conceding mitigation of punishment if intoxication has reached point of temporary insanity.

**8. Criminal law ☞774—In prosecution for burglary, where evidence called for instruction on defendant's intoxication, instructions given held to adequately protect defendant's rights.**

In prosecution for burglary, where evidence called for instruction as to the effect of defendant's intoxication, instructions that, unless defendant as principal, acting either alone or with another committed crime jury must acquit, and though defendant had connection with stolen property he could not be convicted unless jury believed from evidence beyond reasonable doubt that he was principal to the actual burglary, *held* to adequately protect rights of defendant.

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

Clark Carpenter was convicted of burglary, and he appeals. Affirmed.

McNamara, Scott & Jaworski, of Waco, for appellant.

---

Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

CHRISTIAN, J. The offense is burglary; the punishment five years' confinement in the penitentiary.

[1] By bill of exception No. 3, appellant complains of the action of the trial court in permitting the county attorney, over his objection, to ask appellant if he had not been indicted for murder. The court qualified appellant's bill by stating that, "after laying the proper predicate and it appearing that the matter inquired about was not too remote, the county attorney was permitted to ask the defendant the question complained of in said bill." In a criminal case, the defendant or any other witness, if the impeaching testimony is not too remote, may be impeached by the adverse party by proving by the witness on cross-examination that he had been indicted or convicted or that he was then under indictment for a felony or for a misdemeanor imputing moral turpitude. Branch's Annotated Penal Code, § 167; Robinson v. State, 70 Tex. Cr. R. 81, 156 S. W. 212. It follows that no error is manifested by the bill. .

[2] By bill of exception No. 4, appellant complains of the action of the court in overruling his objection to paragraph 4 of the court's charge, wherein the court instructed the jury on the converse of the law of principals. Appellant's specific objection to the charge was that it placed a greater burden on him than was contemplated by law. . An inspection of the paragraph complained of discloses that it is not subject to the criticism made by appellant. In applying the converse of the law of principals to the facts, the court. instructed the jury, in substance, that they must believe from the evidence beyond a reasonable doubt that appellant was present at the time of the commission of the offense, if any, and, knowing the unlawful intent of the principal, aided him by acts or encouraged him by words or gestures in the commission of the offense. We are unable to agree with appellant that the charge complained of placed a greater burden on him than the law authorized.

[3] By bill of exception No. 5, appellant complains of the action of the court in instructing the jury, in substance, that intoxication or temporary insanity produced by the voluntary recent use of ardent spirits did not constitute an excuse for the commission of crime, but that the evidence of temporary insanity produced by such recent use of ardent spirits might be considered in mitigation of the penalty. We are unable to understand how appellant could have been prejudiced by the giving of this instruction. Appellant testified that on the date of the burglary he had been drinking liquor freely all day, and

that he drank to the extent that he became unconscious of what was going on. We are unable to agree with appellant that prejudicial error is manifested by his bill of exception.

[4] By bill of exception No. 7, appellant complains of the charge on accomplice testimony; it being asserted by appellant that the court assumed in his charge that the testimony of the accomplice made out a case against him, and further that the court instructed the jury that they must believe that the testimony of the accomplice connected the defendant with the offense charged, when he should have embodied in his charge an instruction that the jury must believe that the testimony of the accomplice showed that the defendant was guilty as charged. The charge complained of conforms to the charge approved by this court in the case of Oates v. State, 67 Tex. Cr. R. 488, 149 S. W. 1194, except that the objectionable word "alone," condemned by this court in Abbott v. State, 94 Tex. Cr. R. 31, 250 S. W. 188, has been omitted from the present charge. In the Oates Case, as in the instant case, the accomplice testified to facts which connected Oates with the offense, but did not testify to facts which constituted a complete offense. As in the present case, the jury were instructed in the Oates Case, in the concluding words of the charge on accomplice testimony, in substance, that they must believe from all of the testimony, beyond a reasonable doubt, that the defendant was guilty as charged before they could convict him. See Henderson v. State, 97 Tex. Cr. R. 247, 260 S. W. 868. The charge in the instant case conforms to the suggestions made in the case of Standfield v. State, 84 Tex. Cr. R. 437, 208 S. W. 532, and under the facts clearly presents the law of accomplice testimony.

The state's theory, as disclosed by the testimony, was this: Appellant and Bill Murphy went together in a car to the filling station of B. M. Hays some time between 9:30 o'clock on the night of October 18th, and 3 o'clock the following morning, burglarized said filling station, and took therefrom certain automobile casings and tubes. The tubes and casings were taken by appellant and Murphy to Doug Johnson's home, where they were unloaded by the two and placed in the house. Appellant carried an officer to Doug Johnson's house, where the. stolen property was recovered. Appellant stated to the officer that he was drunk and sat in the car while Murphy went into the filling station and got the casings and tubes. In connection with his statement to the officer, appellant asked the officer if he did not believe that, if he would testify that he was drunk at the time the burglary was committed and that Murphy went into the filling station and

stole the casings and tubes, he could defeat the state's case.

Testifying in his own behalf, appellant stated that he had been drinking whisky during the day of alleged offense, and that in the afternoon he met up with Bill Murphy and Jeff Morgan and drank with them; that he met these parties about 7 o'clock, and that after they had been drinking some time they went to Mart, reaching there some time in the late night, and that, at the time they reached Mart, he (appellant) was drunk and had no clear recollection of what was going on; that he and his companions drank whisky during the time they were in Mart, and that he drank so much that he became unconscious as to what was going on; that he did not remember anything after that until he and Murphy were close to Doug Johnson's place; that he knew he did not go into the filling station, because he was drunk and could not get out of the car and was too far gone and unconscious.

[5] Appellant requested the court, in substance, to affirmatively charge the jury that, if they had a reasonable doubt that he was drunk and unconscious at the time of the burglary and took no part in its commission, they would acquit him. The court refused to submit such issue to the jury, for the reason that he had submitted in his main charge an instruction in accordance with the provisions of article 36, Penal Code 1925, covering the law of temporary insanity produced by the voluntary recent use of ardent spirits.

If the defensive theory, if true, would defeat the state's case as alleged, and the evidence raises such theory in an affirmative way, it is incumbent on the court to submit an affirmative charge covering the issue. Escobedo v. State, 88 Tex. Cr. R. 277, 225 S. W. 377. It is to be noted that appellant was able to lead the officer to the stolen property, and that he had sufficient recollection of the transaction, out of which the burglary grew, to describe to the officer the manner in which the burglary was effected. It was the state's theory that appellant and Murphy were principals in the commission of the offense. Appellant's testimony to the effect that he did not go into the filling station because he was drunk and could not get out of the car, if true, would not defeat the state's case as alleged; for, if appellant, knowing the unlawful intent of his companion, aided him by acts or encouraged him by words or gestures in committing the offense, or kept watch so as to prevent interruption, he was guilty as a principal. Article 66, P. C. 1925. When considered in connection with the fact that appellant was able to reveal the location of the stolen property, appellant's testimony is not of such cogency as to raise the issue touching his want of physical and mental capacity to engage in the commission of the offense as a principal. See Lyles v. State, 91 Tex. Cr. R. 400, 239 S. W. 616.

Furthermore, it is noted that the court charged the jury as follows:

"But, unless you do believe from the evidence beyond a reasonable doubt that the defendant either alone or in connection with one Bill Murphy as a principal, in the nighttime on or about the 18th day of October, 1926, as alleged, in said state and county, by force or at an unusual place, did enter the house of B. M. Hays, as charged in the first count in the indictment, with the intent to commit the crime of theft, you will return a verdict of not guilty."

Finding no error, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, J. Appellant seeks a rehearing on two grounds:

[6] First, he calls attention to an exception to the charge relative to impeaching evidence introduced against appellant, and insists that a reversal should be had because of an error therein. The charge complained of told the jury that testimony which had been introduced by the state to the effect that appellant had been convicted of felony theft and had been charged with and tried for murder was "no evidence of his guilt in this case, but is before you for the purpose for which it was admitted, and that is to aid you in passing upon the credibility of defendant as a witness and the weight to be given to his testimony, and for no other purpose." The charge may not be strictly accurate, as indicated in Taylor v. State, 50 Tex. Cr. R. 560, 100 S. W. 393; Stull v. State, 47 Tex. Cr. R. 547, 84 S. W. 1059; Counts v. State, 48 Tex. Cr. R. 629, 89 S. W. 972. The written objection was "because said charge in effect instructed the jury that they must believe that the offenses named are evidence that defendant's credibility has been weakened because of same." The objection is very general. It fails to point out why the charge given is conceived to have the effect claimed. Article 658, C. C. P. 1925, requires the objection to distinctly specify the ground thereof. Conceding that the charge given is not free from criticism, we cannot believe it misled the jury, or was calculated to injure the rights of appellant. Under such circumstances article 666, C. C. P. 1925, forbids a reversal.

[7, 8] The second ground upon which appellant seeks a rehearing is that this court was in error in not sustaining a complaint based upon the refusal of the trial court to give a special charge which would have in-

structed the jury that, if appellant was "drunk and unconscious at the time of the alleged burglary, if any, and took no part in the commission of said burglary," he would not be guilty. The law is that, if one by the voluntary use of intoxicating liquor becomes so under its influence that he has no knowledge or recollection of his acts, yet while in such condition participates in the commission of a crime, he is nevertheless guilty; the law only conceding mitigation of the punishment if the intoxication has reached the point of temporary insanity. Article 36, P. C. 1925; Doyle v. State, 59 Tex. Cr. R. 39, 126 S. W. 1131; Stoudenmire v. State, 58 Tex. Cr. R. 258, 125 S. W. 399; Kelley v. State, 31 Tex. Cr. R. 216, 20 S. W. 357. The evidence called for an instruction on this phase of the law, and appellant was given the benefit of it. If he did not participate in the burglary as a principal, he would not be guilty, regardless of whether he was drunk or sober, so the question of participation is the vital issue. The court properly defined principals, and told the jury that, unless appellant as a principal, acting either alone or with one Murphy, committed the burglary, they must acquit. In addition thereto, he gave a special charge at appellant's request, telling the jury that, although they might believe appellant had some connection with the property after it was stolen, still he could not be convicted unless the jury believed from the evidence beyond a reasonable doubt that he was a principal to the actual burglary. We think appellant's rights were sufficiently protected by the instructions given.

The motion for rehearing is overruled.