JOHN CARR v. THE STATE.

No. 15496. Delivered January 11, 1933.
Reported in 56 S. W. (2d) 183.

The opinion states the case.

*E. A. Bills,* of Littlefield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is for transporting intoxicating liquor; punishment, confinement in the penitentiary for two years.

The facts in brief are as follows: A dance was being held at Smyer in Hockley county. The appellant, his wife and small son ,together with two men by the name of Hill and Logsdon, went to the dance in appellant's car. Appellant was driving the car. As the car neared the dance hall, peace officers saw it come to a halt and two parties leave the car and go off to the

side of the road and then come back and get into the car. They watched the car and saw appellant drive it near the dance hall and park it, all of the parties then getting out. On approaching the car, the officers testified that they saw the man Hill throw an object from the car after the car stopped, which object was discovered to be parts of a pint of whisky. They searched the car but found nothing therein, but under the front spring they found two pints of whisky and under the rear spring a pint of whisky, and on the top of the automobile was found a pint of whisky; in all, about five pints were found around the automobile.

A state's witness claiming to be standing near the automobile at the time testified that, after the car had stopped, he saw the appellant hand out something which was placed around the car.

The wife of the appellant testified that she and her small son were the ones who got out of the automobile when it stopped before it got to the dance hall and no whisky was then taken out of the car and none was ever in the automobile that she had any knowledge of.

The appellant testified as a witness in his own behalf and denied any knowledge whatsoever that any whisky was in the automobile or that he had any connection whatever therewith or that he in any manner aided any of the occupants of the automobile knowingly in the transportation of any intoxicating liquor on that occasion. The appellant also offered as a witness the man Logsdon, who was in the car with him at the time the liquor was found. He testified that at a former term of the court he had pleaded guilty and had received a suspended sentence for transporting the liquor found around the car. He further testified that he had transported the liquor and had put the liquor in appellant's car while he was using it before they had started without the appellant's knowledge and the appellant knew absolutely nothing about it and had nothing to do with the liquor. He also testified that he secreted the liquor around the car when they stopped and the appellant had nothing to do with that and did not aid or assist him.

The only matters presented here for review relate to the manner in which the case was submitted to the jury as contained in the exceptions and objections to the court's charge. Appellant filed written exceptions to the court's charge at the time it was presented to him before it was read to the jury. The objection to the charge was that the same failed to charge the law applicable to the case and that such charge was vague, in-

definite, and argumentative and did not present to the jury the defendant's defense herein; that said charge as a whole attempts to charge the state's theory of said cause and fails to present affirmatively the defendant's defense herein.

The court charged the jury as follows: "If you believe from the evidence in this case beyond a reasonable doubt that the defendant, John Carr, did in the County of Hockley and State of Texas, on or about the 7th day of February, A. D. 1931, as a principal, either alone or acting with some other person or persons, unlawfully transport spirituous liquors capable of producing intoxication, as charged in the first count in the indictment, then you will find the defendant guilty and assess his punishment at confinement in the state penitentiary for any term of years not less than one nor more than five, as you may determine in your discretion, but if you have reasonable doubt as to the defendant's guilt you will return a verdict of not guilty."

This was followed by the statutory definition of principals, but nowhere in the charge did the court make any specific application of the law of principals to the facts.

Under the facts of this case, in connection with the law of principals, the converse should have been given, namely, that the mere presence of the appellant did not in itself make him guilty and the jury should have been charged that before they would be justified in finding the appellant guilty, they must find that the appellant knowingly transported the liquor in question and that, if they found the appellant did not know that the liquor was in the car at the time same was transported or that if they had a reasonable doubt thereof, they should find the appellant not guilty.

It is a well established principle of law that the mere presence, in the absence of proof of having agreed to commit the offense, would not constitute one a principal. Section 681, Branch's Ann. P. C., and authorities cited therein. The mere fact that the appellant drove said car without knowledge of the whisky being therein could not be made to abridge in any manner appellant's defense and the failure of the court to charge the converse of the state's theory destroys any defense appellant may have had and left him without any defense whatever under the evidence. We are of the opinion necessarily that the court committed reversible error in failing to submit an affirmative instruction covering the defensive theory. Where the evidence raises the defensive theory in an affirmative way, it is incumbent upon the court to submit it to the jury. Escobedo v. State, 88 Texas Crim. Rep., 277, 225 S. W., 377; Dodson v. State, 108

Texas Crim. Rep., 267, 300 S. W., 934; Lewis v. State, 119 Texas Crim. Rep., 265, 44 S. W. (2d) 375.

For the error pointed out, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.