Solon Stoudenmire v. The State.

No. 416.   Decided February 9, 1910.

1.—Theft—Recent Use of Intoxicating Liquor—Statutes Construed—Charge of Court.

Before the adoption of article 41, Penal Code, the intent entered into or was a constituent element of the offense, and intoxication or drunkenness was admissible in evidence upon the question of motive or intent, but since the adoption of this statute neither intoxication nor temporary insanity of mind, produced by the voluntary recent use of ardent spirits constitutes any excuse, but may be introduced in evidence in mitigation of the penalty attached to the offense.   Overruling Lyle v. State, 31 Texas Crim. Rep., 103.

**2.—Same—Charge of Court—Drunkenness—Intent.**

Where upon trial of theft the evidence showed that the defendant was drunk at the time of the alleged theft, and the court charged the jury that if defendant was so drunk as to temporarily be insane, that they could take this into consideration in assessing the penalty, and refused requested charges that if the defendant was so drunk as not to be able of forming a criminal intent to acquit him, there was no error. Following Evers v. State, 31 Texas Crim. Rep., 318.

Appeal from the County Court of Van Zandt. Tried below before the Hon. John S. Spinks.

Appeal from a conviction of theft; penalty, a fine of $40 and twenty days confinement in the county jail.

The opinion states the case.

*Greer & Sanders,* for appellant.—On question of court's refusal of defendant's requested charges on the recent use of intoxicating liquor as affecting defendant's criminal intent: Lyle v. State, 31 Texas Crim. Rep., 103, 19 S. W. Rep., 903; Reagan v. State, 28 Texas Crim. App., 227, 12 S. W. Rep., 601; Edwards v. State, 38 Texas Crim. Rep., 386.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was convicted in the court below of theft of property under the value of $50 and his punishment assessed at a fine of $40 and twenty days in jail.

1. In the trial of the case in the court below the proof showed that on the night of the 28th day of March, 1909, in the town of Wills Point, the appellant, in company with several other parties, one of whom was the prosecuting witness, Jim Simpson, had a bottle of whisky and that they had taken several drinks; that after strolling around the streets awhile they went to Lemay's restaurant to get something to eat; that while they were sitting at the counter the witness Dide Manning asked the prosecuting witness if he could cash a check for him. The prosecuting witness took his money out of his pocket, which consisted of a $20 bill, three $5 bills and some small change in silver, and laid it on the counter in front of him; that he turned to Manning and told him he would loan him a dollar but could not cash his check, and when he, prosecuting witness, turned back he found the $20 bill was gone. The appellant at the time was standing just behind the prosecuting witness. The prosecuting witness further states that after he had gone to the hotel that night, witnesses Gabe Scott and Roy Wright came in and handed him a $20 bill, which he recognized as the one he had at the restaurant. The proof further showed that after the witness stated that he had lost his money, the parties stayed at the restaurant some little time, the appellant laid down on a counter and went to sleep and appeared to be very drunk; that two of the State's witnesses went to him while he was lying down to get him up so that they could go out of the restaurant as the restaurant man wanted

to close up; that they found a $20 bill in his pocket with the end somewhat sticking out; that they took the $20 away from appellant and gave it to the prosecuting witness Simpson. Appellant made no explanation at the time the parties got the money from him. He got up and staggered on out of the house and went off, and was afterwards found lying in front of the Peace Hotel apparently asleep. The witness Wright testified that after Simpson left the restaurant appellant was lying on the counter apparently asleep, and appeared to be pretty drunk and that they discovered the corner of a $20 bill sticking out of the outside coat pocket of appellant. Scott shook appellant and told him he wanted that money; that the appellant grunted but said nothing. Without going into a further detail of the facts this is a sufficient statement to illustrate the point that is made by the appellant.

The court charged the jury as follows: "If you find from the evidence beyond a reasonable doubt that the defendant committed the offense as charged, then in passing upon the question of intent, you may in mitigation of the penalty affixed to the offense take into consideration the question of the drunkenness of the defendant. If you believe from the evidence that at the time the defendant took the money, if you should so find, he was so drunk as to be temporarily insane, then you may take this into consideration in assessing the penalty you may fix." The appellant requested several charges, all of which were to the effect that in order to constitute theft there must be an intentional taking and an intentional appropriation, and if the defendant's mind at the time he committed the act was in such condition by reason of intoxication as to not be capable of forming a criminal intent, then they would acquit the defendant. The question then is whether the court erred in not submitting the various charges requested upon this subject by the appellant. Article 41 of the Penal Code provides as follows: "Neither intoxication nor temporary insanity of mind, produced by the voluntary recent use of ardent spirits, shall constitute any excuse in this State for the commission of crime, nor shall intoxication mitigate either the degree or the penalty of crime, but evidence of temporary insanity produced by such use of ardent spirits may be introduced by the defendant in any criminal prosecution in mitigation of the penalty attached to the offense for which he is being tried, and in cases of murder for the purpose of determining the degree of murder of which the defendant may be found guilty." Said article further provides: "It shall be the duty of the several district and county judges of this State, in any criminal prosecution pending before them where temporary insanity is relied upon as a defense, and the evidence tends to show that such insanity was brought about by the immoderate use of intoxicating liquors, to charge the jury in accordance with the provisions of this article." Before the adoption of this article in cases of crime where the intent entered into or was a constituent element of the offense, intoxication or drunkenness was admissible in evidence upon the question of motive

or intent, but since the adoption of this statute the courts are precluded from submitting the question to the jury or of telling the jury that if the defendant was so drunk as not to be capable of forming an intent, then in such case they would acquit. However, this rule, as we understand it, has been changed by the statute and in all criminal cases now, the rule as laid down in the case of Evers v. State, 31 Texas Cr. Rep., 318, has been followed and adopted as the settled law of this State. The case that is relied upon by counsel, Lyle v. State, 31 Texas Cr. Rep., 103, has been expressly overruled in the Evers case, supra, and it may be said no longer to be the law of this State, and the rule now obtains that the defendant will not be permitted to offer drunkenness as an excuse for an offense committed, but drunkenness may be offered as a mitigation of the penalty attached. Were it not for the settled policy of this court since the decision of the Evers case, we would feel inclined to follow the rule laid down by Judge Hurt in the Lyle case. We think it ought to be the law that where the offense charged is made to depend upon the peculiar condition and state of the mind of the accused at the time, evidence of drunkenness as a fact affecting the mind should be received, and that the court should instruct the jury that in passing upon the question as to whether the accused deliberately and wilfully committed the act, they should look to all the evidence, including that relating to drunkenness in connection with the other testimony tending to show the condition of the mind of the accused as to his ability for forming a criminal intent. Theft consists of the physical act of taking and the intent with which the act is done. If a man is in such a condition as not to be conscious of the act that he is doing, then he can not be said to have an intent in doing the act, but it is useless to speculate along these lines. The law has said that drunkenness is no excuse for crime and that a person can not avoid his act by proof of drunkenness, but that the same is admissible for the purpose of mitigating the offense. We, therefore, hold that the court below did not err in the charge given or in refusing the charges requested.

Finding no errors in the record, the judgment is in all things affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.