## LEON POWERS v. THE STATE.

### No. 9232.  Delivered March 11, 1925.

**1.—Theft from Person—Principals—Application of Law.**

Where the accused is shown to have acted with others in the commission of a crime, he is guilty of that which is done by each and all of the others, and if the case is submitted to the jury upon the law of principals, and the facts support the guilt of the accused, he cannot be heard to complain, even though he be charged in the indictment as the only actor.

**2.—Same—Principal Offenders—How Charged by Court.**

Where the accused is charged in the indictment as the only offender, and the proof shows him to be guilty with others, and the case is submitted to the jury as though he were acting alone, and his guilt made to depend on his own acts alone, these facts would in law support a conviction. If he wishes to complain because the charge does not submit the law of principals, he must do so by an exception. See Robinson v. State 37 Tex. Crim. App. 195.

**3.—Same—Charge of Court—When Reversible if Erroneous.**

Under the plain provisions of Art. 743 of our C. C. P. an error in the charge of the Court not calculated to affect the rights of the accused, shall not call for a reversal. The Robinson case, supra, discusses also the effect upon the rights of the accused of a charge not excepted to, in a case in which the guilt of the accused is apparently without question.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. L. D. Guinn, Judge.

Appeal from a conviction of theft from the person; penalty, four years in the penitentiary.

The opinion states the case.

*Seale & Denman,* of Nacogdoches, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Nacogdoches county of theft from the person, and his punishment fixed at four years in the penitentiary.

There are no bills of exception in the record, and the only complaint here made is of the testimony. The prosecuting witness testified that he had his money in his hat band and that on the night in question as he was going along he passed a negro woman and a man, and that a little further he was accosted by appellant. While talking to appellant some one knocked his hat off his head and that it was grabbed by appellant who ran with it. Witness testified that he grabbed at the hat and looked back to see and two people were running away. Appellant turned in back of a gin and witness saw three people running up the road close together. He said these were the two persons whom he had previously seen together and this appellant. He reported the matter and instituted a search for his hat and property and presently found his hat but minus the money and the hat band. It was also shown that the next morning appellant was arrested and two dollars and some cents taken out of his pocket and a twenty dollar bill found in the toe of his shoe. Appellant made a written confession in which he admitted that this was the money of prosecuting witness. The confession of appellant contained the statement that prosecuting witness and the woman agreed to go into a gin house for purposes of copulation, and that after they started into the gin the woman called him and told him she was going to throw prosecuting witness' hat and pocket-book down and for him to get it and she would give him part of it. He further stated that after they went into the gin house the woman threw the hat and pocket-book of prosecuting witness down and that he took the pocket-book and ran up the street and later got with the woman and told her all the money that prosecuting witness had was $4.30 and they divided it, he taking two dollars and she two dollars and thirty cents. The appellant introduced as a witness in his behalf said woman who testified that while she and prosecuting witness were together in the gin, the hat of said witness fell off his head while they were on a stairway.

We are not inclined to agree with appellant's contention. It appears from appellant's own confession that he and the woman were acting together in the commission of a theft from the person of

prosecuting witness. It also appears from the testimony of said prosecuting witness that appellant and the party who ran up the road with him acted together in knocking witness' hat off and stealing his money. If the hat of said witness was knocked from his head by one person, with any kind of understanding or agreement or concert of action on the part of appellant that he should appropriate it and the money in the hat band, this would in law be a theft from the person by both and each of them. In oral argument appellant insists that he could not be convicted upon the theory that he was the principal offender with another. This position seems to be contrary to the rule laid down in Robinson v. State, 37 Texas Crim. Rep. 195, a case very similar both in fact and legal application to that before us. One who acts with others in the commission of a crime is guilty of that which is done by each and all of the others, and if the case is submitted to the jury upon the law of principals, and the facts support the guilt of the accused, he is without complaint, even though he be charged in the indictment as the only actor. Likewise, if he be charged in the indictment as the only offender, and the proof shows him to be guilty with others, and the case is submitted to the jury as though he were acting alone, and his guilt made to depend on his own acts alone, these facts would in law support a conviction. If he wishes to complain of the charge because it does not submit the law of principals, he must do so by an exception. The facts showing appellant to be guilty, and the court submitting the law of theft from the person in an appropriate charge which is not excepted to, would seem to leave us no option but to affirm the case. The plain requirement of Art. 743 of our C. C. P. is that an error in the charge not calculated to affect the rights of the accused, shall not call for a reversal. The Robinson case, supra, discusses also the effect upon the rights of the accused of a charge not excepted to in a case in which the guilt of the accused is apparently without question.

Finding no error in, the record affecting the rights of the appellant, the judgment will be affirmed.

*Affirmed.*