ELMER WATKINS V. THE STATE.

No. 17858. Delivered January 22, 1936.
Rehearing Denied (Without Written Opinion) March 4, 1936.

The opinion states the case.

*W. E. Myres,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of robbery and his punishment was assessed at confinement in the state penitentiary for a term of five years.

The record shows that in the early part of the night on October 27, 1934, two men in an automobile drove up to the Gulf Service Station, of which Oscar Calloway was manager, in the town of Henrietta and by the use of a pistol robbed him of the sum of nineteen ($19.00) dollars in money. Oscar Calloway's brother was present at the time of the robbery and they both positively identified the appellant as the man who held a pistol on Oscar and commanded him to open the cash register while the other man took the money. After they had taken the money out of the register they hurriedly entered their car and drove away. Oscar Calloway took the license number of the car, wrote it on a piece of paper and turned it over to officers. Appellant was subsequently arrested and placed in jail at Wichita Falls where both the Calloways pointed him out from a number of prisoners as one of the men who participated in the robbery.

Appellant's defense was that of an alibi which he supported by the testimony of his father and several other citizens of the city of Fort Worth.

Appellant, within time prescribed by law, addressed a number of objections to the court's main charge. His main objection being that the court submitted the case to the jury under the law of principals which was not authorized by the testimony. We do not agree with appellant. The court instructed the jury as follows: "You are instructed that all persons acting together in the commission of an offense are principals and may be prosecuted as such." "Even if you should believe beyond a reasonable doubt that some person or persons robbed Oscar Calloway on the occasion in question, still you are further instructed that unless you believe from the evidence beyond a reasonable doubt that the defendant acting alone or with someone else, committed said robbery, that you will acquit the defendant." The charge did not instruct the jury to convict him if they believed he was acting with some other person, which might have been proper if the case had been submitted under the law of principals. If, however, the court had submitted the case under the law of principals, we do not think

that under the facts in this case it would have been reversible error under Art. 666, C. C. P., and the ruling of this court in the case of Powers v. State, 99 Texas Crim. Rep., 345, in which this court said: "One who acts with others in the commission of a crime is guilty of that which is done by each and all of the others, and, if the case is submitted to the jury upon the law of principals, and the facts support the guilt of the accused, he is without complaint, even though he be charged in the indictment as the only actor. Likewise, if he be charged in the indictment as the only offender, and the proof shows him to be guilty with others, and the case is submitted to the jury as though he were acting alone, and his guilt is made to depend on his own acts alone, these facts would in law support a conviction." We find from the record that appellant took inconsistent positions in that he also objected to the court's charge because he did not instruct the jury on the law of principals. This was not calculated to inform the court just how he desired the case submitted. If the court submitted it on either of the inconsistent theories urged by him, he cannot complain. Upon a careful consideration of the court's charge we have reached the conclusion that it contained a proper application of the law to the facts.

It is therefore ordered that the judgment of the trial court be and the same is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.