# BILL CLINTON V. THE STATE.

No. 18845.   Delivered March 3, 1937.
Rehearing Denied April 21, 1937.

The opinion states the case.

*Wilkinson & Wilkinson,* of Mt. Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of burglary, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The record before us shows that on the night of April 8, 1934, appellant and Pete Scott broke the rear door of J. M. Parchman's store and entered it. The night watchman, who heard the breaking of the glass, summoned the sheriff who found appellant and Pete Scott therein. He arrested both of them and escorted them to jail. Appellant, who alone was on trial, did not testify. His main contention was that he was temporarily insane from the recent use of ardent spirits. His first complaint is that the court erred in declining to instruct the jury on the law of circumstantial evidence. It is the well settled rule in this State that if there be direct testimony from any source that the defendant broke and entered the building or participated in the breaking and entering thereof and the only question to be determined by the jury is the intent with which the entry was made, then a charge on circumstantial evidence is not required. In the case of Russell v. State, 38 Texas Crim. Rep., 590, this court said:

"The rule requiring the giving of a charge on circumstantial evidence is proper when the act which is claimed to be criminal is sought to be established by circumstantial testimony; but when the act is proved by direct testimony, and all that remains to be found is the intent which accompanied the act, and which may be inferred from the circumstances accompanying the act, then this principle does not apply."

See Pullen v. State, 156 S. W., 935; Flagg v. State, 103 S. W., 855; Williams v. State, 124 S. W., 954. Hence under the authorities above quoted we do not think the court erred in declining to instruct the jury on the law of circumstantial evidence.

Appellant's next complaint is that the court erred in his instruction to the jury on the law of temporary insanity produced by the recent use of ardent spirits—to which he objected on the ground that it was on the weight of the evidence, that it did not properly apply the law to the facts, and assumed the defendant to be guilty. Art. 658, C. C. P., 1925, requires that objections to the court's charge be in writing and distinctly specify each ground of objection. The objections here urged to the court's charge are too general and do not point out to the trial court in what particular the charge is erroneous. See Gill .v. State, 84 Texas Crim. Rep., 531.

. By bills of exception numbers five, six, and seven appellant complains of the action of the trial court in permitting the district attorney to prove by the night watchman what appellant said while in the burglarized building after the sheriff arrived and commanded the appellant to come out; and also what he said after he had been taken to jail about obtaining bond. Appellant objected to it on the ground that he was under arrest. The court in his qualifications of the bills states that he admitted the testimony because it was *res gestae*. We see no error in this ruling. Whatever is said by a party to the transaction which is pertinent to the matter under investigation is a part of the transaction and is admissible in evidence. The statements objected to were not of an incriminatory nature. They merely tended to show that appellant's mind was not seriously affected by the recent use of ardent spirits; but even if it was, it would not be any defense under art. 36, P. C., 1925, and could only be considered by the jury in mitigation of the punishment. We therefore overrule his contention.

Bills of exception numbers eight, nine, ten, and twelve have been considered by us and deemed to be without merit.

Bill of exception number eleven fails to show what answer the witness would have made to the question propounded. Hence no reversible error is shown.

The argument complained of in bill of exception number thirteen was an illustration based upon testimony adduced at the trial. We find nothing in the record to show that theretofore one of the juror's barns had been burned, but even if it were true, we do not see how the argument complained of could have injuriously affected the appellant's legal rights.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In our original opinion we inadvertently stated that appellant did not testify. He did testify, claiming that he was so drunk that he had no recollection of being in the store. Our opinion has been corrected in the particular mentioned.

In his motion for rehearing appellant renews his complaint that the court did not charge on circumstantial evidence. The breaking of the glass in the door to the store was shown by positive evidence. The night watchman heard the glass break and he telephoned the sheriff. He and the watchman found appellant and his companion in the store. The following cases are direct authority upon the point that no charge on circumstantial evidence was called for under the facts. Montgomery v. State, 55 Texas Crim. Rep., 502, 116 S. W., 1160; Smith v. State, 51 Texas Crim. Rep., 427, 102 S. W., 406; Smith v. State, 90 S. W., 638; Holland v. State, 45 Texas Crim. Rep., 172, 74 S. W., 765.

Appellant testified that he had been drinking all day preceding the burglary and was so drunk he did not remember going in the store or having been found there by the officers. Art. 36, P. C., provides as follows:

"Neither intoxication nor temporary insanity of mind produced by the voluntary recent use of ardent spirits shall constitute any excuse for the commission of crime. Evidence of temporary insanity produced by such use of ardent spirits may be introduced by the defendant in mitigation of the penalty attached to the offense for which he is being tried. When temporary insanity is relied upon as a defense and the evidence tends to show that such insanity was brought about by the immoderate use of intoxicating liquor, the judge shall charge the jury in accordance with the provisions of this article."

The court gave an appropriate charge under said article. Appellant objected to said instruction and in connection with the objection tendered a special charge which he insists should have been given in lieu of the one submitted by the court, or at least in connection therewith. The special charge requested would have instructed the jury that if at the time appellant entered the store he was in such a state of intoxication as not

to be able to form a rational intent to steal, he should be acquitted. The requested charge was refused, to which appellant reserved exception. In support of his claim that the requested charge should have been given appellant relies upon Loza v. State, 1 Texas Crim. Rep., 488, and Reagan v. State, 12 S. W., 601. The first case mentioned was decided prior to the enactment in 1881 of said Article 36 of the Penal Code. The Reagan case was decided in 1889. It is perhaps interesting to note that the same question was again before this court three times in 1892. The opinion in Lyle v. State, 31 Texas Crim. Rep., 103, was written in June, 1892, by Judge Hurt, who also wrote in Reagan's case, which was followed in Lyle v. State. In October, 1892, the case of Kelley v. State, 31 Texas Crim. Rep., 216, was decided. In that case the trial court gave a charge in substance the same as that here requested. Judge Simpkins writing for the court expressed views not in accord with those found in the Reagan and Lyle cases, supra. Judge Davidson concurred but Judge Hurt at that time noted his disagreement. In December of the same year the question was again presented in Evers v. State, reported in 31 Texas Crim. Rep., 318. Judge Simpkins wrote for the court and gave the history which prompted the enactment of Article 36, P. C. The Loza, Reagan and Lyle cases, supra, were overruled in effect on the point at issue, though not specifically named. All judges were present and concurred in the opinion in the Evers case. Whatever difference of opinion may have theretofore existed among the members of the court appears to have been settled by the Evers opinion. The following cases subsequently decided are direct authority supporting the trial court's refusal of the special charge, some of the cases being on almost identical facts as to the state of drunkenness of the accused as is here claimed by appellant, and the instruction refused was in substance the same as the charge here sought. See Doyle v. State, 59 Texas Crim. Rep., 39, 126 S. W., 1131; Stoudenmire v. State, 58 Texas Crim. Rep., 258, 125 S. W., 399; Carpenter v. State, 108 Texas Crim. Rep., 291, 300 S. W., 83.

Other questions suggested in appellant's motion for rehearing were disposed of originally and are not thought to require further discussion.

The motion for rehearing is overruled.

*Overruled.*