## CHARLES WAIR V. THE STATE.

No. 20241. Delivered May 31, 1939.
Rehearing Denied October 25, 1939.

The opinion states the case.

*Thomas B. Ridgell* and *G. Ray Lee,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.

Conviction is for rape, punishment assessed being confinement in the penitentiary for life.

The opinion on a former appeal is reported in 133 Tex. Cr. R. 26, 106 S. W. (2d) 704.

Motion for new trial was overruled on April 2, 1938, and sixty days from said date allowed for filing bills of exception. On May 23d the time was extended to give ninety days from April 2d. The ninety days expired on July 1st. All bills of exception bear two file marks. Numbers 1 to 16 inclusive, 20, 21, 22, 23 24 and 25, show one file mark of date June 28th and numbers 17, 18 and 19 show one file mark of date June 30th. Some of the bills were approved without qualification on July 6th and re-filed on that date, others were qualified and approved on July 11th and refiled; still others were qualified and approved at later dates and re-filed. All dates of approval and re-filing were after the expiration of the ninety days. The trial judge explains the situation by his affidavit which appears in the transcript, and is in substance as follows: That none of said twenty-five bills had ever been presented to him for approval and that he had never seen them until July 6th, when he found them on his desk; that the clerk of the court informed him that appellant's attorney had brought the bills to the said clerk, some on June 28th, and others on June 30th, and requested the clerk to file them, which was done; that neither the clerk nor appellant's attorney had informed the trial judge that said bills had been left with the clerk or that he had placed his file mark on them; that the judge felt that under the circumstances he should examine the bills, which he did; approving those which he thought were correct and qualifying others, and had the clerk re-file them of the correct date of their approval. It is apparent from what has been said that the bills are not entitled to consideration. The attorney ought not to have requested the clerk to file the bills until they had been approved by the judge, and the clerk should not have filed them. Without such approval they have no place in the record unless the trial judge had ordered them filed without his approval. See 4 Tex. Jur., page 261, Sec.

186; Branch's Ann. Tex. P. C., page 139, Sec. 218. The bills not having been called to the trial judge's attention until after the ninety days had expired, his subsequent action regarding them does not remedy the situation.

The evidence in the present trial was much different from that found in the record on the former appeal. Prosecutrix on this trial testified to facts making a complete case of rape. She was certain as to the penetration of her private parts by the private parts of appellant. Upon this trial appellant did not testify. On cross-examination prosecutrix testified that on this trial she had told some things that she had never told before; that she told the truth to the grand jury and to the jury upon the former trial, but that at those times she knew nothing about sex; that her mother had explained these things to her after the former trial. After eliciting from prosecutrix the admission that her testimony on the former trial and before the grand jury was true appellant introduced in evidence the testimony which she gave on said occasions, being substantially that set out in our opinion on the former appeal (133 Tex. Cr. R. 28, 106 S. W. (2d) 704.) to which reference is here made without again setting out the revolting details. It was evidently appellant's contention that such former testimony raised the issue that if penetration of prosecutrix's privates occurred it was accomplished by appellant with his fingers and not his privates. Under this state of the record the court included in his instruction to the jury a charge of assault with intent to rape. Appellant strenuously objected to any charge being given on assault with intent to rape at all on the ground that it was not justified by the evidence, and did not "present the defendant's legal rights." By said objections he induced the court to eliminate the charge on assault to rape and in lieu thereof give the following special charge, which was prepared and presented to the court by appellant's attorneys:

"You are instructed before you can convict the defendant of the offense of rape you must believe from the evidence beyond a reasonable doubt, that the privates of the defendant to some degree penetrated the privates of Joy Frazier. Now in this connection, you are charged, if you believe from the evidence that the defendant with his finger, or fingers, penetrated the privates of Joy Frazier, and that he did not penetrate her with his privates, or have a reasonable doubt thereof then it would be your duty to find the defendant not guilty of the offense of rape, and you should so say by your

verdict, or if you have a reasonable doubt whether any penetration, if any, was with the finger of the defendant only you will find the defendant not guilty."

Said charge would have been correct had it told the jury if they found the facts to be as therein indicated, or had a reasonable doubt thereof, to find the defendant not guilty *of rape* and then to consider whether he might be guilty of assault with· intent to rape or of aggravated assault, but it was more favorable to appellant than he was entitled to in that it directed the jury if they had a .reasonable doubt whether penetration was with appellant's fingers to acquit him entirely. In his brief appellant urges that the court committed error in not charging on the law of assault to rape. Of course, he is in no position to urged any such contention, having objected to such instruction, and having prevailed on the court to eliminate it from his charge.

Appellant also excepted to the court's charge because it did not contain an instruction on aggravated assault, claiming that such issue was raised by the former testimony of prosecutrix given before the grand jury and at the former trial. Appellant is in the position of approaching the court with both hands extended bearing in one the requested charge which the court gave, and in the other an exception because the court did not charge on aggravated assault, which if given would have been in direct conflict with the special charge. If it should be conceded that the evidence raised the issue of aggravated assault under the doctrine of invited error appellant is in no position to complain because no instruction was given thereon. See 4 Tex. Jur., Sec. 377, page 530. Carbough v. State, 49 Tex. Cr. R. 452, 93 S. W. 738; Moxie, et al, v. State, 54 Tex. Cr. R. 529, 114 S. W. 375. A case which in principal seems exactly in point is Cornwell v. State, 61 Tex. Cr. R. 122, 134 S. W. 221. There the defendant was convicted of manslaughter. He requested and obtained a special charge that under a certain state of facts he should be acquitted. The charge was more favorable than he was entitled to, as under the facts embraced in said charge he would have been guilty of aggravated assault.· We quote from the opinion.

"Now, then, we are confronted with this situation: Under the facts in· evidence, considering the relation of the parties, the nature of the knife used, and the testimony of appellant as to his purpose and intent, it may be conceded that the court should have instructed the jury in substance that if they found from the evidence that the appellant did not intend to kill,

and that his only purpose was to make deceased get off of him, and that if death resulted without the design of appellant to kill, and if the manner of the use of the instrument did not disclose a purpose to commit murder, then appellant, though his act in striking the deceased was wrongful, would be guilty of no higher offense than aggravated assault, notwithstanding death resulted. But in this condition of the record and with this issue in the case appellant requested the court to instruct the jury that, if these facts existed, appellant would not be guilty, and would be entitled to an acquittal. *Confessedly this charge was more favorable to appellant than the law required. The requested charge should not have been given, and yet, where the appellant has induced the court by requested charge on a given state of facts which would have made him guilty of an aggrevated assault to instruct the jury that he should go free, is he in condition then to complain that the judgment should be reversed because the court gives, at his instance, an instruction for acquittal instead of an instruction to convict for aggravated assault? The court could not, without the most obvious contradiction, have given the instruction requested by counsel for appellant to acquit, and at the same time have given an instruction to convict for aggravated assault. We think it clear beyond doubt that the doctrine of invited error applies, and that appellant is in no condition to demand a reversal on the failure of the court to charge the law of aggravated assault, in view of the charge given at his request.*"

Said opinion has been cited with approval on said point a number of times as shown in Shepard's Citations. See also Andrews v. State, 101 Tex. Cr. R. 261, 275 S. W. 1024; Merka v. State, 82 Tex. Cr. R. 550, 199 S. W. 1123; Watkins v. State. 130 Tex. Cr. R. 34, 91 S. W. (2d) 346. It follows from what has been said that in our opinion appellant's complaint of the failure to charge on aggravated assault is, under the circumstances, without merit.

Appellant requested the court to give a special charge to the effect that if the condition of prosecutrix's private parts was caused from a douche given her by her mother, or from any other cause than by the privates of appellant to find him not guilty. We find no evidence upon which said charge could have been based as it relates to the douche. The evidence shows that the condition found by the doctors might, in their opinion, have been caused by the introduction of the finger. This issue was covered by the special charge given at appellant's request and heretofore adverted to.

Appellant also requested the court to instruct the jury that if at the time of the commission of the alleged offense: "* * * defendant was in such condition of mind from the recent use of intoxicating liquor that he, defendant, did not realize and know the nature of his conduct, that then you may take into consideration such condition, if any, in connection with all facts and circumstances in evidence before you in determining, if it does, whether the defendant, at the time intended to commit the offense submitted in the charge of the court in this cause."

The requested charge did not embody a correct proposition of law and was properly refused. Clinton v. State, 132 Tex. Cr. R. 303, 104 S. W. (2d) 39, and cases therein cited; Kelley v. State, 133 Tex. Cr. R. 460, 112 S. W. (2d) 470; Fernandez v. State, 135 Tex. Cr. R. 12, 116 S. W. (2d) 1067. The evidence does not raise the issue of temporary insanity from the recent use of intoxicating liquor on the question of mitigation of punishment. Art. 36 P. C. (1925); Cruse v. State, 125 Tex. Cr. R. 123, 66 S. W. (2d) 324.

Appellant sought to have the court give a special charge which would have told the jury that if prosecutrix failed to make outcry or call for aid, or to report the offense to her sister, or others, after she had opportunity to do so, the jury could consider such failure, if any, as tending to discredit her testimony, if it did, and the weight to be given her testimony. It occurs to us that such an instruction would have been on the weight of the testimony and was properly refused. Thomas v. State, 70 S. W. 93; Ramsey v. State, 63 S. W. 875. Prosecutrix was only thirteen years old when this offense was committed. She was afflicted, not able to walk without assistance. She did report the matter to her mother immediately upon her return home, and evidently had told her sister enough to make the latter know appellant had been guilty of some improper conduct towards prosecutrix. The little girl testified that when appellant left he told her not to tell her mother if she (prosecutrix) knew what was good for her. We mention these matters as throwing light on the reason why the court should not single out particular things and instruct as here requested.

Another special charge requested sought to tell the jury that if prosecutrix had been told that the former conviction had been reversed because of her testimony on that trial, and that because of such information she had changed her testimony, to find appellant not guilty. (1) Manifestly such an in-

struction would have been on the weight of the evidence. (2) Furthermore, we find no support for such instruction in the record. Prosecutrix was asked if she had not been told why the former conviction was reversed and replied that she had not. We discover no evidence to the contrary. (3) The requested instruction did not contain a correct proposition of law.

We have disposed of all questions properly presented save appellant's contention that the evidence is not sufficient to support the conviction. This contention is based largely on the evidence given by prosecutrix on the former trial and before the grand jury which on the former appeal in our judgment rendered the issue of penetration by appellant's privates uncertain. We have with great pains examined the present record on that point, and are convinced that the evidence now before us leaves no room for doubt as to appellant's guilt.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

We have again carefully gone over the entire record herein, and have read appellant's motion closely and with interest. It seems to us that all his contentions have been succinctly and correctly answered in the original opinion herein. We see no reason for a further discussion thereof. We remain of the views expressed in the original opinion, and the motion for a rehearing is overruled.