### ALLEN JULIAN FORBES V. THE STATE.

No. 21788. Delivered December 17, 1941.
Motion for Rehearing Denied (Without Written
Opinion) January 28, 1942.

The opinion states the case.

*Leonard R. Winborn* and *Bassett & Parks*, all of Dallas, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was given a penalty of two years in the State prison under an indictment for theft of an automobile over the value of $50.00.

The State's testimony showed that Mr. Webb left his practically new car in front of a beer tavern and went into the tavern, and upon hearing the noise of a car starting he rushed out and saw the appellant driving his, Webb's, car away; that he attempted to stop appellant, who put the gas to the car and threw Webb to one side; that Webb then obtained another car and chased appellant for about twenty blocks, but appellant finally eluded the pursuit and was not found until the next morning; and that it appeared about 18 gallons of gasoline had been consumed that was in the tank of the car when taken.

There was no denial of the theft, but the appellant testified that he was drunk at the time and had no recollection of the occurrence. That he awakened from his drunken stupor about ten hours after the car was stolen, and found himself in a strange car.

Appellant's bill of exceptions No. 1 complains because of the fact that while appellant was on the stand in his own behalf he was asked if he had not gotten a five-year suspended sentence for the offense of burglary, in the year 1937, in the

Dallas court, to which appellant answered that he had. The objection made to such question and its answer, as certified to by the court in its qualification, and which was accepted by appellant, was that this matter was immaterial and irrelevant, and no mention was made of the fact that such suspended sentence was not a final judgment.

We think when appellant took the witness stand, under the facts as here presented, this matter was admissible relative to his credibility as such witness. We said in the case of Gray v. State, 65 S. W. (2d) 319:

"Bill of exception No. 2 shows that upon cross-examination appellant was asked if he was not under a suspended sentence for burglary, which appellant answered in the affirmative. Objection was interposed on the ground that said testimony was immaterial and prejudicial, because appellant had not put his reputation in issue. The inquiry and proof was permissible upon the weight of appellant's evidence given in his own behalf. Herrin v. State, 97 Tex. Cr. R. 494, 262 S. W. 486; Hunter v. State, 119 Tex. Cr. R. 558, 45 S. W. (2d) 969."

It is also worthy of note that this witness had been convicted in 1939 of the crime of forgery and had gotten eighteen months in the Federal penitentiary. In the light of the minimum sentence herein received, and the latter proven Federal sentence, we do not feel inclined to say that any injury was received by him by virtue of the matters complained of in bill No. 1.

A further bill of exceptions sets forth the objections to the court's charge. The appellant's testimony claimed such a state of drunkenness that he knew absolutely nothing relative to the taking of such automobile. Under such testimony it is shown by the trial court's qualification, prior to such objections and exceptions, the court had prepared a paragraph of his charge relative to drunkenness as a possible mitigation of the penalty, and upon appellant's objection thereto same was taken out of such charge. The appellant's testimony itself eliminates a temporary taking only, because he said he remembered nothing about the whole transaction. The trial court then charged on absence of an intent to steal as follows:

"You are further charged as a part of the law in this case, that if you find and believe from the evidence beyond a reasonable doubt that the defendant at the time and place alleged in the indictment took the automobile in question, but you should

further find and believe from the evidence, or have a reasonable doubt thereof, that at the time he took the said automobile, if he did, he did not have the intention to deprive the owner of the value of said automobile or to convert it to his own use. and benefit, then you will find the defendant 'not guilty' and so say by your verdict."

It is contended by the appellant that the above quoted portion of the court's charge failed to present in an untrammeled manner his defense to the jury. We have searched the record and fail to find any legal defense offered by the appellant save the defense that he had no intention of stealing this car, which intention only evidences itself some ten hours after the theft. We think the above quotation of the court's charge embodied that defense, and properly charged the jury thereon.

The appellant says, however, that a further defense is presented by the testimony, and that is that the appellant was so drunk that he was unable to form any intent of any kind at the time that he possessed himself of this automobile, and that it is evident that if he formed any intent in such drunken condition, it was an intent to only temporarily possess himself thereof, as is witnessed by his statement that when he awakened from his drunken stupor out on a country road some ten hours after the taking of the car, he intended to go back into Dallas and leave the same on the street, not knowing to whom the car belonged. This contention is mainly based upon a statement in the case of Reagan v. State, 28 Tex. App. R. 227, in which the doctrine was laid down in a case charging an attempt to commit rape, the following paragraph summarizing the holding in that case:

"Appellant is not to be held responsible for the intent if he was too drunk for a conscious exercise of the will to the particular end; or, in other words, too drunk to entertain the intent, and did not entertain it in fact. If he did in fact entertain it, though but for the intoxication he would not have done so, he is responsible for the intent as well as for the acts."

The doctrine above laid down has not been followed, but has virtually been overruled by this court in many cases, among them being the case of Clinton v. State, 132 Tex. Cr. R. 303, 104 S. W. (2d) 39, in which Judge Hawkins reviewed the previous decisions of this court, the matter at issue being a complaint similar to the one here present, and in which

opinion the history of the Loza Case, 1 Tex. App. R. 488, the Reagan Case, supra, the Lyle Case, 31 Tex. Cr. R. 103, 19 S. W. 903, and the Kelley Case, 31 Tex. Cr. R. 216, 20 S. W. 357, was reviewed. The case of Evers v. State, 31 Tex. Cr. R. 318, 18 L. R. A. 421, 37 Am. St. R. 811, overruled the Reagan Case, supra. And we add to the above the following cases in support of the Evers and Clinton cases: Martinez v. State, 128 S. W. (2d) 400; Wair v. State, 131 S. W. (2d) 158; Ramos v. State, 147 S. W. (2d) 809 (810). An excerpt from the Clinton Case, supra, will be found in Martinez v. State, 128 S. W. (2d) 400, in which it is again asserted that drunkenness can not be used in order to show a lack of ability to form an intent to commit a criminal act, and the same doctrine is enunciated in the remaining above set forth cases.

It will also be noted that appellant stated in his testimony that about ten hours after he had taken such automobile, he awakened from his drunken stupor, and at such time he did not intend to keep such car, but was going to take the same to Dallas and park it upon the street. The intent with which he took the same at the time of the taking is the controlling factor, and not one acquired some hours after the offense has been committed. One's intent usually must be judged by his acts at the moment or prior to the act, though oftentimes assisted by acts following the commission of the offense, and surely not upon an intent formed some hours after his escape from the scene of the crime. To state this proposition should evidence its answer.

Under the testimony herein presented we think that the above quoted charge of the court was all appellant was entitled to have given to the jury.

The judgment is accordingly affirmed.