JOSEPH JOHN PAUL OUELLETTE V. STATE

No. 29,860. June 4, 1958.

*Emilio Davila* and *J. G. Hornberger,* both of Laredo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the burglary of a private residence at night with the intent to commit rape; the punishment, 5 years.

The testimony of the state shows that a married woman sleeping alone was awakened about 3 a.m. by a man getting into bed with her; that she first thought it was her husband but upon touching his shoulder questioned his identity, then when she sat up she could see it was not her husband; that she screamed and as she jumped from the bed the intruder placed his hand over her mouth but soon released her and as he ran from the house he dropped several things, among which was a "dog tag" through which he was immediately apprehended and shortly thereafter identified by the woman as the man that was in her house.

The testimony shows that the house was a private residence occupied by a family. It further shows that the house was closed and was entered by the making of a small hole in the screen door then inserting something by which the door was unlatched.

Appellant in his written statement introduced in evidence states that after he entered a house he saw a woman sleeping on a bed; that he removed his shoes and lay down on the bed but did not recall what happened except that the woman screamed several times and he ran from the house.

Appellant, testifying in his own behalf, admitted going to a house, but states that he knocked on the door, that a woman said, "Come in" that he opened the unlatched door and entered; that he went there for the purpose of having carnal knowledge of the woman; and that at the time he placed his arm around her they heard someone coming, she began screaming and he left.

The evidence is sufficient to support the verdict of the jury.

Appellant's only complaint is to the closing argument of counsel for the state.

The record shows and the appellant admits in his brief that he did not object to the argument when it was made. No request

was made for the jury to be instructed not to consider it; and no motion was made for a mistrial. The trial court was not made aware of an objection to the argument until the appellant complained thereof for the first time in his First Amended Motion for a New Trial.

4 Texas Juris., 63, Sec. 41, reads:

"Orderly procedure demands that a complaint that counsel in his argument to the jury has transcended legitimate bounds should be addressed to the trial judge, so that he may determine its propriety and counteract any injustice that may portend, and that the offending counsel himself may be accorded opportunity to withdraw any objectionable remarks. It follows that unless a timely and proper objection is made a defendant on appeal will not ordinarily be heard to complain. He is tardy if he does not object until the conclusion of the argument, until he makes a motion for a new trial, or until he prepares a bill of exception after the trial. This rule has even been applied to an objection, made for the first time in an amended motion for a new trial, in respect of a reference in the argument to the defendant's failure to testify."

See also, Scott v. State, 132 Texas Cr. Rep. 517, 105 S.W. 2d 242; Lomax v. State, 142 Texas Cr. Rep. 231, 144 S.W. 2d 555; Mickle v. State, 149 Texas Cr. Rep. 53, 191 S.W. 2d 41; Smith v. State, 157 Texas Cr. Rep. 21, 246 S.W. 2d 187.

The argument complained of, although not clearly authenticated in the record as having been made, does not appear to be so obviously harmful that its effect could not have been controlled by the action of the trial court in response to a timely and proper objection.

A careful examination of the record and the authorities leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

Opinion approved by the Court.