George **FRIGA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45419.

Court of Criminal Appeals of Texas.

Jan. 3, 1973.

Charles F. Baldwin, Fort Worth, for appellant.

Sam Cleveland, Dist. Atty., Stephenville, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for burglary of a private residence at night with intent to commit rape; the punishment, ten years imprisonment.

■ The appellant's first and ninth grounds of error complain that there is insufficient evidence to sustain the defendant's conviction because there is no evidence showing the appellant's specific intent to commit rape prior to and at the time of the burglary.

The complainant, twenty-four year old Kathy Duff and her two and one-half year old daughter, lived in a private residence in Mineral Wells. On a Sunday evening, after she had retired for the night at about 12:00 a. m., she was awakened by her barking dog. She heard immediately thereafter a loud banging noise at the front door. She got up, picked up the dog, went to the front door and through the curtain covered glass in the door she saw a man standing on the outside.

The outside screen door was latched from the inside and the inside wooden door was latched on the inside of the house. The man on the outside then shoved both doors open, the inside latch "popped off," hitting her on the leg. The man, whom the complainant identified as the appellant, immediately entered the house and grabbed her mouth with his hand and kissed her on the left cheek. The complainant then hollered "He's in there." The appellant released his hold and turned to look in the bedroom and the prosecuting witness ran out of the house in an effort to get to her grandmother's house, which was next door.

The appellant ran after her and told her, "Don't scream any more or I'm going to kill you." He caught her before she reached her grandmother's and she fell to the ground, screaming, kicking and fighting.

The appellant picked her up by putting both hands around her neck so tightly that she could not scream and in that manner dragged and placed her in his Volkswagen bus that was parked in the street.

After putting her in the bus which was equipped with a bed, he drove a short distance and the complainant asked, "George, what are you doing this for?" He stopped the bus and said, "Do you know me?" She told him, "Yes, I know you and your wife, Mary; you all live right down the street and have a little baby and I know Bellva." The appellant inquired if she had told Bellva about "this." The complainant replied that she had told Bellva, the police, her mother and that everybody knew he had been following her. She testified that she had observed the appellant following her in the shopping center on occasions prior to the night he broke into her house.

She testified that in order to get out of the bus she asked appellant to help her find her dog. He drove the bus into her driveway and said, "Don't you want to go to bed with me?" She told him, "no" and after they had looked for and found the dog, he again asked her the same question. She again said no and reminded him of his wife and baby. He said whenever "it wore off" he would come back and apologize to her and pay for the dress which had been torn. She asked him if he had been "smoking something" and he said, "yes." The appellant then left.

In the course of the struggle the complainant's night garment was torn, the skin was scraped from the toes of her bare feet. There was a four or five inch scratch on her left hip, the skin on the palm of her right hand was peeled off and her neck was bruised.

The complainant went to her work the next morning and told her supervisor what had happened. The supervisor's testimony corroborated the complainant's as to the bruises and injuries apparent when she came to work at 7:30 the next morning.

After work that day she talked with a friend she had been dating and he accompanied her to the police station where she reported the incident.

An investigator for the police department testified that the door jamb had been splintered.

During the time they were looking for the dog, the appellant had demanded a drink of water and the complainant got him a drink of water. The mug which he drank from was turned over to the police and a fingerprint expert testified that fingerprints on the handle of the mug matched those of the appellant.

This evidence was sufficient to show the nighttime breaking and entering of the complainant's residence with the intent to commit the offense of rape. See for e. g., Ouellette v. State, 166 Tex.Cr.R. 328, 314 S.W.2d 106 (1958) and Dickson v. State, 64 S.W. 1043 (Tex.Cr.App.1901).

The appellant's second ground of error is that "The court erred in admitting the testimony of Jerre Kelly, relating to an independent, collateral, extraneous offense in that the same did not rebut any defense raised or establish identity or intent, but was solely to inflame and prejudice the jury."

The appellant testified, admitting his presence at the complainant's house, but he denied breaking and entering her house and denied that he did so for the purpose of trying to force her to have intercourse with him.

In rebuttal, the State offered the testimony of Jerre Kelly, relating to a similar transaction. At a time about three months after the alleged offense, the appellant and his wife were occupying a trailer house in the Sleepy Hollow Mobile Home Park in Tarrant County. When they moved to the park, their trailer was parked next to the one occupied by Jerre Kelly and her small daughter. She testified that on the night of October 5, 1970, she was awakened by a disturbance at the back door of her mobile home. She got up and realized that someone was trying to break into the locked door of the mobile home. Someone was

turning the knob and she observed that the chain latch was not fastened. As she reached to fasten the chain latch, the door was forced open. The appellant was at the door and he continued to pull it open. She tried to shut it and asked him what he was doing there. As she tried to push him out, he grabbed her with both arms, pushed her in and closed the door behind him. She started screaming and trying to keep him from shutting the door. He almost had the door shut when she saw her neighbor's light come on and she started screaming the name of that neighbor. The appellant then stopped, put his hands in the air and said, "All right, shut up, shut up, I'm sorry. I didn't mean to scare you." She demanded that he get out of the mobile home.

▮ The appellant having denied that he broke and entered the complainant's house and that he had attacked her with the intent of forcing her to have intercourse with him, made admissible the testimony of Jerre Kelly. If the jury believed beyond a reasonable doubt that the appellant broke and entered the complainant's house as she so testified, it was entitled to consider the testimony of Jerre Kelly as bearing upon the system and intent that appellant may have had at the time that he broke and entered the complainant's house. Webb v. State, 187 S.W. 485 (Tex.Cr. App.1916); Hart v. State, 447 S.W.2d 944 (Tex.Cr.App.1969); McKenzie v. State, 250 Ala. 178, 33 So.2d 488 (1948); 2 Wigmore, Evidence, § 357 at 265 (3rd Ed. 1940); and see and compare Caldwell v. State, 477 S.W.2d 877 (Tex. Cr.App.1972).

The appellant's third ground of error complains of the court's instruction, limiting the purpose for the admission of the testimony of Jerre Kelly.

The court charged that the jurors could not consider the testimony of Jerre Kelly, unless they believed beyond a reasonable doubt that it was true and then they could consider it only for the purpose of determining the intent and system of the defendant, if any, in connection with the offense with which he was charged and it could be used for no other purpose.

▮ The appellant's specific complaint is that the charge did not require that Jerre Kelly's testimony be corroborated before they could consider it for the purpose for which the court admitted it. He relies upon Lankford v. State, 93 Tex.Cr.R. 422, 248 S.W. 389 (1923). In that case the appellant was convicted for the offense of possessing intoxicating liquor for the purpose of sale. The State introduced the testimony of three witnesses who had purchased liquor from the defendant on dates prior to the alleged offense. Under the law applicable at the time of their purchases from that defendant, purchasers of intoxicating liquor were accomplice witnesses as a matter of law. The case was reversed because in limiting the purpose of the testimony of the sales to these accomplice witnesses, the court did not charge on the law of accomplice testimony. Obviously, the rule stated in Lankford v. State, supra, is not applicable to this case. Jerre Kelly was not an accomplice witness. This ground of error is without merit and is overruled.

▮ The appellant complains in ground of error number five that the trial court improperly granted the State's motions in limine ordering the appellant and his counsel not to reveal that a complaint had been made and that the prosecutrix had been arrested on a charge of selling marihuana. The complainant not having been convicted, the ruling of the trial court was correct. Article 38.29, Vernon's Ann.C.C.P.[1]

---

1. Article 38.29, V.A.C.C.P., provides:
   "The fact that a defendant in a criminal case, or a witness in a criminal case, is or has been, charged by indictment, information or complaint, with the commission of

an offense against the criminal laws of this State, or of the United States, or any other State shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person

and Campbell v. State, 480 S.W.2d 391 (Tex.Cr.App.1972); Hall v. State, 402 S. W.2d 752 (Tex.Cr.App.1964); White v. State, 362 S.W.2d 650 (Tex.Cr.App.1962); and Steese v. State, 170 Tex.Cr.R. 269, 340 S.W.2d 49 (1960).

The appellant's ground of error number seven is that "The court erred in refusing appellant's request to charge on out-cry."

 The requested instruction was properly refused. Such an instruction would constitute an improper comment on the weight to be given the testimony. Wair v. State, 137 Tex.Cr.R. 506, 131 S. W.2d 155 (1939) and Tackett v. State, 137 Tex.Cr.R. 248, 128 S.W.2d 1185 (1939).

The trial court did not err in refusing to submit a charge to the jury on the defense of alibi.

The complaining witness testified that the appellant broke and entered her house about 12:00 a. m. and that the other events that transpired ended before 2:30 a. m. Appellant contends that except for a few minutes within the time testified to by the complainant, several of his witnesses' testimony placed him away from the scene and out of her presence. Although his testimony concerning the facts was considerably different, the appellant's own testimony placed him at the scene of the offense; there is therefore, no inconsistency with the prosecution's theory that the appellant was present at the commission of the offense. Lee v. State, 454 S.W.2d 207 (Tex.Cr.App.1970) and Sanchez v. State, 479 S.W.2d 933 (Tex.Cr.App.1972).

Ground of error number eight is overruled.

The appellant urges in ground of error number eleven that the court erred in not declaring a mistrial due to "prejudicial

conduct of prosecutor on punishment phase of the trial."

The record reflects that appellant's counsel on direct examination asked appellant if he had any charges pending against him in any other county. The prosecutor asked appellant on cross-examination whether or not there were any charges pending against him in Palo Pinto County. Appellant answered in the negative. The prosecutor's questions were invited by appellant's counsel's questions and no objection was made to the prosecutor's questions. No error is presented for review. Carter v. State, 480 S.W.2d 735 (Tex.Cr. App.1972) and Craig v. State, 480 S.W.2d 680 (Tex.Cr.App.1972).

Grounds of error number four, six and ten are multifarious and do not comply with the requirements of Article 40.09, Section 9, V.A.C.C.P., and will not be considered.

The judgment is affirmed.

Opinion approved by the Court.

as a witness unless on trial under such indictment, information or complaint a final conviction has resulted, or a suspended sentence has been given and has not been set aside, or such person has been placed on probation and the period of probation

has not expired. In trials of defendants under Article 36.09, it may be shown that the witness is presently charged with the same offense as the defendant at whose trial he appears as a witness."