**Gary R. WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47691.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

John D. Moore, Mineral Wells, for appellant.

Bob Glasgow, Dist. Atty., Jim Jones, Asst. Dist. Atty., Stephenville, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is fondling; the punishment, five (5) years.

The sufficiency of the evidence is not challenged.

Appellant's sole ground of error relates to the admission of testimony concerning an extraneous offense.

Appellant was charged with fondling a six-year-old girl who lived across the street from appellant and who often came to appellant's home to visit with his young daughter. The offense is said to have occurred on May 30, 1972. Appellant, testifying in his own behalf, denied that he had committed the offense. He stated that he had only tickled the girl "about her chest and under her arms".

In rebuttal the State called two witnesses, a nine-year-old girl and her mother, who had also been neighbors of appellant. The girl's mother testified that the girl had told her of the alleged incident some months after it occurred. The girl testified that in January of 1972, while visiting appellant's daughter, appellant had fondled her private parts.

Appellant made a general objection to this testimony on the grounds that it was only calculated to inflame and prejudice the jury. The State then pointed out that it was their purpose in introducing the testimony to show lascivious intent. The State specifically relied on Friga v. State, Tex.Cr.App., 488 S.W.2d 430, before the trial court to justify the admission of this testimony. The trial court admitted the testimony on the basis of Friga, supra.

Appellant asserts that the question of intent was not raised by his denial of the attack.

Intent is an element of the offense. Article 535d, Vernon's Ann.P.C. By his denial, appellant put the question of intent into issue.

Albrecht v. State, Tex.Cr.App., 486 S.W.2d 97, enumerates the circumstances which authorize the introduction of extraneous offenses, one of them being to rebut a defensive theory raised by the accused. Appellant had tendered the defensive theory that any contact which he had with the child was completely innocent. The rebuttal testimony was evidence of lascivious intent. We, therefore, hold that that testimony was properly admitted. No error is shown.

The judgment is affirmed.

ROBERTS, J., concurs in the result.